(158 App. Div. 700.)

NEW YORK ASSETS REALIZATION CO. v. PFORZHEIMER.

(Supreme Court, Appellate Division, First Department. November 7, 1913.)

1. DISCOVERY (§ 38*)—EXAMINATION OF PARTY BEFORE TRIAL.
    In an action on a note, defendant was entitled to examine plaintiff before trial concerning the making of the note and the circumstances under which it was made and which attended its delivery, in order to secure evidence to sustain his defense.
    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 51; Dec. Dig. § 38.*]

2. DISCOVERY (§ 49*)—EXAMINATION OF PARTY BEFORE TRIAL.
    In an action by a corporation on a note given in 1905, an examination of plaintiff before trial through an examination of its officers as such, concerning the making of the note and the circumstances under which it was made and which attended its delivery, would not be denied on the ground that plaintiff, not having been organized until 1911, could have had no knowledge of such matters at the time they arose, where it was not denied that such officers had such knowledge both when plaintiff acquired the note and when the examination was sought, as their knowledge was imputed to plaintiff, and defendant would therefore not be limited to an examination of such officers as witnesses.
    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 63; Dec. Dig. § 49.*]

3. DISCOVERY (§ 92*) — WRITINGS SUBJECT TO INSPECTION — POSSESSION OR CONTROL OF WRITING.
    An order for the examination of plaintiff before trial, so far as it required plaintiff or its officers to produce the books and papers of a firm who were not parties to the action, and over whose books and papers it did not appear that plaintiff had any control, was erroneous.
    [Ed. Note.—For other cases, see Discovery, Cent. Dig. § 118; Dec. Dig. § 92.*]

Appeal from Special Term, New York County.

Action by the New York Assets Realization Company against Carl H. Pforzheimer. From an order vacating an order for examination

before trial of the plaintiff through the examination of Arthur P. Heinze and Calvin O. Geer as its officers, defendant appeals.   Modified so as to deny the motion to vacate in part.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Alexander B. Siegel, of New York City, for appellant.
Ferdinand E. M. Bullowa, of New York City, for respondent.

SCOTT, J. [1] The action is upon a promissory note made by the defendant in 1905, and given to the firm of J. S. Bache & Co., who, as it is said, delivered it to one Max H. Schultze on behalf of Arthur P. Heinze and the firm of Otto Heinze & Co., of which the said Arthur P. Heinze was a partner, and the said Calvin O. Geer was an employé. It is further alleged that the note was afterwards assigned to the Western Development Company, and by that company to plaintiff. It is alleged, and not denied, that both the Western Development Company and this plaintiff are corporations organized for the purpose of and confining themselves to the business of collecting claims which belonged to the said firm of Otto Heinze & Co. The note in suit is said to have been given in connection with transactions by defendant in copper stocks in which, as it is said, the firm of Otto Heinze & Co. had established a corner. Among other defenses, the defendant sets forth certain transactions of said firm which, as it is claimed, establish a complete answer to the suit. The sufficiency of the facts thus pleaded as a defense is not called in question upon this appeal, and we are not required to pass upon it, but shall assume that the facts so pleaded, if proven, would in fact constitute a sufficient defense. So assuming, it is clear that the defendant is entitled to examine the plaintiff in order to secure evidence to sustain his pleading.

[2] The ground upon which the order for examination was vacated at Special Term and the argument by which it is now sought to sustain the vacatur is that the matters sought to be inquired into are alleged to have occurred in 1905, whereas the plaintiff was not organized until 1911. Hence it is said that the plaintiff cannot be presumed to have knowledge of matters which arose before it came into being. The argument is that, if defendant wishes to examine Heinze and Geer as to occurrences in 1905, he must so examine them as witnesses and not as officers of the plaintiff. The authorities cited in support of this position are not controlling upon the question involved in this appeal under the circumstances disclosed by the papers. Jacobs v. Mexican Sugar Refining Co., 112 App. Div. 657, 98 N. Y. Supp. 542; Searle v. Halstead & Co., 139 App. Div. 134, 123 N. Y. Supp. 984; Shumaker v. Doubleday, Page & Co., 116 App. Div. 302, 101 N. Y. Supp. 587; Matter of Thompson, 95 App. Div. 542, 89 N. Y. Supp. 4. They are authority for the proposition that, under such an order as was vacated by the order appealed from, it is the corporation which is to be examined, and that an officer of a corporation will not be permitted to be examined touching matters concerning which he is shown to have no knowledge. This court, however, has repeatedly shown its disinclination to permit parties to

avoid legitimate examination by a narrow and technical construction and application of the statute. Chittenden v. San Domingo Co.; 132 App. Div. 169, 116 N. Y. Supp. 829; Hill v. Bloomingdale, 136 App. Div. 651, 121 N. Y. Supp. 370.

It is apparent, of course, that the plaintiff corporation, as such, not having come into existence until 1911, could not have had knowledge, at the time of the occurrences, of the matters concerning which defendant seeks to examine it. We are not concerned, however, with the question as to what knowledge the corporation had at that time, but with the question as to what knowledge is imputable to it at the present time. The papers before us make it quite evident that the officers of plaintiff whom it is now sought to examine, to wit, its president and secretary, had personal knowledge, at the time they happened, of the facts which defendant seeks to prove. This knowledge they must be deemed to have carried with them when they became officers of the plaintiff, and upon well-settled rules their knowledge is imputable to plaintiff. The testimony sought to be elicited has to do with the making of the note in suit, and of the circumstances under which it was made, and which attended its delivery. The rule in England and in.this country, as declared by the Supreme Court of the United States and our own Court of Appeals, is:

"That if the agent, at the time of effecting a purchase, has knowledge of any prior liens, trust, or *fraud* affecting the property, no matter when he acquired such knowledge, his principal is affected thereby. If he acquires the knowledge when he effects the purchase, no question can arise as to his having it at the time. If he acquired it previous to the purchase, the presumption that he still retains it and has it present in his mind will depend upon facts and other circumstances." The Distilled Spirits, 11 Wall. 356, 20 L. Ed. 167; Constant v. University of Rochester, 111 N. Y. 604, 19 N. E. 631, 2 L. R. A. 734, 7 Am. St. Rep. 769.

In the present case there can be no question and it is not denied that Heinze and Geer, the plaintiff's president and secretary, had knowledge when plaintiff acquired the note in suit, and now have knowledge, of the matters concerning which defendant seeks to examine the plaintiff. Their knowledge is imputable to plaintiff. In a strict sense, therefore, it is competent to examine the plaintiff touching these matters by the interrogation of its officers named in the order.

[3] We can see no justification, however, for so much of the order for examination as required the plaintiff or its officers to produce the books and papers of the firm of J. S. Bache & Co., who are not parties to the action and over whose books and papers it does not appear that plaintiff has any control.

The order appealed from is therefore so modified as to deny the motion to vacate the order for examination in so far as it requires the plaintiff by Arthur P. Heinze and Calvin O. Geer, officers of said plaintiff, to appear for examination, and as to grant said motion to vacate the order for examination in so far as it requires the production of the books and other papers of the firm.of J. S. Bache & Co., and as so modified is affirmed, without costs to either party in this court. All concur.