In the Matter of Proving the Last Will and Testament of ABRAHAM L. ERLANGER, Deceased.

SAUL J. BARON and Another, Appellants; CHARLOTTE F. ERLANGER, Respondent.

First Department, December 5, 1930.

*Isidor J. Kresel* of counsel [*Bernard Hershkopf* with him on the brief], for the appellants.

*Ben Herzberg* of counsel [*Max D. Steuer*, attorney], for the respondent.

MARTIN, J. The contestant, claiming to be the widow of Abraham L. Erlanger, filed objections to the probate of the writing propounded at his last will and testament. Thereupon the proponents sought to strike out her objections upon the ground that she was never the wife, and hence could not be the widow of the decedent, and was not a person interested in the estate and entitled to object to the probate of the will.

In due course that motion came on for hearing before the surrogate, who deemed it inexpedient to decide the question raised, namely, the alleged widowhood of the contestant, upon the affidavits before him. Accordingly he determined to hear the affiants testify personally and in open court where they would be subject to cross-examination. To that end he signed an order on May 1, 1930, directing a non-jury trial of the preliminary question whether the contestant was in fact the widow of the decedent. It is thus clear that the preliminary trial so ordered was a mere procedural step to enable the surrogate to determine the motion, and not the formal trial of a will contest.

The only issue here involved is the contestant's status, and that arises solely as an adjunct of a motion and solely for the purpose of deciding that motion. With the issue thus stated, the contestant on September 4, 1930, made a motion to examine the appellants before trial. The matters as to which she sought that examination had nothing to do with the merits of the will contest. They concerned solely the question whether the contestant was the widow of the deceased and had been his common-law wife. In

other words, they pertained (1) to the proper and complete disposition of the proponents' motion to strike out the objections of the contestant, and (2) to the determination of a motion expressly reserved for decision.

The appellants contend that the motion for such examination is unauthorized (*Heishon* v. *Knickerbocker Life Ins. Co.*, 77 N. Y. 278); that, while the statute provides for examination of parties before trial, that necessarily means those trials only which are final hearings on the merits, and not hearings in open court to aid a judge in disposing of a motion.

The affidavit upon which the motion was made alleges: " I desire to examine before trial, as adverse parties, Saul J. Baron, one of the executors named in the paper writing and one of the petitioners aforesaid, and Leonard Bergman, one of the persons named in the writing as legatee and one of those joining in the petition. The matters upon which I desire to examine Mr. Baron and Mr. Bergman are specifically set out in the attached notice. I am advised by my attorney that the matters set out are both necessary and material to the maintenance of my case. In order to establish my marriage to the deceased, it will be competent and material for me to show, it is respectfully submitted, that I was generally known and addressed as the wife of the deceased; that the deceased and I lived together as husband and wife; that the deceased recognized and held me out as his wife; that when we traveled, accommodations were made for the deceased and myself as husband and wife; and that in correspondence had by the deceased and in bills, accounts and statements paid by him or upon his instructions, I was referred to and recognized as his wife. These are the matters about which I desire to examine Mr. Baron and Mr. Bergman. Mr. Baron and Mr. Bergman are in possession of knowledge as to these matters. Mr. Baron was associated with the deceased for years, spent a large part of his time at the deceased's office and came frequently to our house."

The opinion of the surrogate in effect admits that this examination is not sought in a special proceeding, and he states that the only question involved is the issue of marital relationship, which it is alleged existed between the deceased and the contestant. The learned surrogate said: " The determination of such issue could not be made upon affidavits on a motion, but necessitated a preliminary trial *or hearing*. Such trial or hearing was directed to be held by the court without a jury. *It is in the nature of a special proceeding, in which an examination before trial may be had.* (Civ. Prac. Act, § 308.) "

We have not been referred to any authority, statutory or other-

wise, for the examination of a party or witness on such a preliminary motion separate and apart from a trial.

Section 308 of the Civil Practice Act relates to the taking of testimony by deposition in a special proceeding only, giving the same right to take such testimony as in an action. All of the arguments here addressed to the court in support of the application for an examination in this proceeding apply exclusively to actions or special proceedings. This is not a special proceeding. (*People* v. *American Loan & Trust Co.*, 150 N. Y. 117.) The matter before us being a motion similar to many other motions that are made from time to time in the course of a litigation, it would seem unwise to extend the practice to meet such conditions.

The Legislature has provided for examinations before trial and has clearly set forth when such examinations may be ordered. While an examination may very properly be ordered in the course of a litigation preparatory to the trial of a will contest upon issues that are involved therein, the authorities distinctly set forth the conditions under which such examinations may be ordered. (*People ex rel. Lewis* v. *Fowler*, 229 N. Y. 84.)

The reason for the absence of authority may readily be found in the fact that to permit an examination such as is here sought would result in a waste of the time of the court when the whole matter may be readily and quickly disposed of at the hearing before the court.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied.

Dowling, P. J., and Merrell, J., concur.

O'Malley, J. (concurring in the result). The appellant Baron is one of the executors named in a writing offered for probate as the last will and testament of Abraham L. Erlanger, deceased. The appellant Bergman is one of the legatees named therein and one of the petitioners for its probate.

The respondent herein claims to be the common-law wife of the deceased and has filed objections to the probate. A motion was made to strike out her objections upon the ground that she had not been the wife of the deceased, was not his widow, and, therefore, not interested in the estate and so not entitled to object to the probate.

After argument on this motion before the surrogate, an order was made by him directing a trial of the preliminary question of whether the contestant was in fact the widow of the deceased and so entitled to file objections. In the meantime decision on the motion was held in abeyance. Thereupon, the respondent moved for the examination of the appellants before trial as parties defend-

ant. This examination was with respect to the preliminary issue to be tried.

It is well settled that an executor and legatee named in an instrument offered for probate are adverse parties and that examinations before trial are proper in the Surrogate's Court. (*People ex rel. Lewis* v. *Fowler*, 229 N. Y. 84.)

The argument had before us proceeded upon the theory that the order could be sustained only if the examination sought is to be regarded as one in a special proceeding. We are of opinion that the examination sought was in a special proceeding, namely, the proceedings for probate. It is true that the issue whether the respondent was the widow of the deceased arises both on the motion to strike out her objections and upon her objections filed in the main proceeding. If the trial of the preliminary issue as ordered by the surrogate was to try out solely upon a motion the issue as to the respondent's marriage to the deceased, then no examination before trial would have been proper. Such an application would be neither an action nor a special proceeding.

However, the surrogate saw fit to order the trial of the issue of the marriage of the respondent to the deceased, not upon the motion as such but as an issue in the special proceeding itself. Under the provisions of section 443 of the Civil Practice Act, he deemed it expedient to order the preliminary trial of one of the main issues in such proceeding which issue arose upon the petition for probate and the objections filed thereto by the respondent. Such was the proper procedure. (*Matter of Cook*, 244 N. Y. 63.)

The order itself directed that the issue of whether the contestant was the wife and is now the widow of the deceased be tried before the surrogate before the trial of any of the other issues attempted to be raised by the respondent " in said probate proceeding." It held in abeyance the disposition of the motion to strike out the objections until after the determination of the preliminary issue so ordered to be tried. The right to an examination before trial in a proper case on an issue in the main proceeding is unquestioned. (*People ex rel. Lewis* v. *Fowler, supra.*)

However, in the circumstances presented and considering particularly the relationship of the parties, we do not think that this is a proper case for the exercise of the court's discretion in granting an examination before trial.

It follows, therefore, that the order appealed from should be reversed as a matter of discretion, and the motion denied.

SHERMAN, J., concurs.

Order reversed, with ten dollars costs and disbursements, and motion denied.