LOONSK BROS., INC., Appellant, v. ALBERT MEDNICK, Respondent.

Fourth Department, December 23, 1935.

*Edward H. Wolkind,* for the appellant.

*Nathan A. Weiss* [*A. Gerald Weinberg* of counsel], for the respondent.

CROSBY, J. This is an appeal from two orders of the Special Term, granting to defendant the right to examine certain persons, who are the officers of the plaintiff corporation, for the purpose of enabling defendant to resist a motion made by plaintiff for a temporary injunction.

Plaintiff is in the business of cleaning, pressing and dyeing clothes, and employed defendant to drive its truck in the business of gathering up and delivering the articles of clothing. The contract between the parties provides that, for two years after the cessation of defendant's employment, he will not, either for himself or as agent for another, engage in the same business within a radius of twenty-five miles of the city of Buffalo. Claiming that defendant was violating this provision of the contract, plaintiff sued for an injunction restraining defendant, and moved for a temporary injunction. Defendant made a cross-motion for an examination of three persons who are officers of plaintiff, to secure testimony to be used in resisting the motion for the temporary injunction.

The character and purpose of the evidence sought by defendant are reasonably clear from the proposed affidavits which defendant sought from the witnesses proposed to be examined. Defendant, in resisting the application for a temporary injunction, wants to show that plaintiff's business, which it seeks to protect against defendant's competition, does not extend much, if any, beyond the city limits of Buffalo, and that, therefore, the contract which plaintiff here seeks

to enforce is one for an unreasonable restraint of trade, which equity will refuse to enforce, or, perhaps, that plaintiff could not be damaged by defendant's operations beyond the limits of the city of Buffalo and its immediate vicinity.

Defendant's notice of motion does not state that relief is sought under section 307 of the Civil Practice Act. In their briefs both appellant and respondent seem to assume that the motion is made under that section. Starting with that assumption, the substance of plaintiff-appellant's argument is that section 307 of the Civil Practice Act does not allow the taking of a deposition of a party to the action for use upon a motion, and that an examination of the officers of the plaintiff is, in effect, an examination of the plaintiff itself. Appellant relies upon cases decided under section 885 of the former Code of Civil Procedure, which does not greatly differ from the present section 307 of the Civil Practice Act. (*James* v. *Richardson*, 39 Hun, 399; *People ex rel. Harriman* v. *Paton*, 20 Abb. N. C. 172.)

I am persuaded to agree with appellant that, in seeking to examine the officers of the plaintiff, the defendant is really seeking to examine the corporate plaintiff. (See *Shumaker* v. *Doubleday, Page & Co.*, 116 App. Div. 302; also *Jacobs* v. *Mexican Sugar Refining Co., Ltd.*, 112 id. 657.) But for taking the deposition of a party, even for use on a motion, sufficient authority is found in section 288 of the Civil Practice Act (together with section 289 of the Civil Practice Act where the party to be examined is a corporation). Under section 288 no excuse is needed for taking the deposition of a party to an action other than that the deposition is material and necessary to the prosecution or defense of the action. An action is more than a trial on the merits. Preliminary motions are a part of the action, particularly when, as here, plaintiff is seeking, *pendente lite*, the very injunction which, except for its motion, it could only obtain at the end of a trial on the merits.

However, for taking the deposition of a person, not a party, section 288 imposes the condition that such person must be aged or infirm, or about to remove from the State, or living more than one hundred miles away. In other words, it is the policy of the law that a person not a party should not ordinarily be annoyed by examination before trial in someone else's lawsuit unless the circumstances are such as to threaten the loss of his testimony.

At this point the necessity and purpose of section 307 of the Civil Practice Act become apparent. Here, let us say, is a person, not a party to the action, who is young and in good health, living in the neighborhood and having no intention of leaving the State. Not his testimony for use on the trial, but his affidavit for use on a

motion, is required. Section 288 does not reach him. Therefore, section 307 was enacted to supplement section 288, and it says that such person's refusal to make his affidavit is " also " a sufficient ground for taking his testimony for use on a motion. The reasonable assumption is that, for the taking of the deposition of a party, for use upon a motion, section 288 is entirely adequate.

And so I am of opinion that defendant should be allowed to examine the plaintiff through its officers. Ordinarily such examinations are not allowed before answer is served. That is because it is desirable to know what the issues are before commencing to try them out. But here the plaintiff is seeking an injunction in advance of a trial upon the merits, and the facts upon which defendant relies are peculiarly within the knowledge of plaintiff's officers, and the circumstances seem to warrant the examination asked for.

I am, however, of opinion that the scope of the examination is too broad or, perhaps, too loosely worded in the orders appealed from. Instead of allowing the examination " as to the matters set forth in the proposed affidavits " it should be allowed to inquire into the questions:

(1) Where, outside of the city of Buffalo, does plaintiff have customers?

(2) How many customers, in each place, does plaintiff have outside the city of Buffalo (without disclosing their names or street addresses)?

(3) In what localities, outside the city of Buffalo, does plaintiff publicly advertise for business?

The orders appealed from should be modified in accordance with this opinion and as modified affirmed, without costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Orders modified in accordance with the opinion and as modified affirmed, without costs on this appeal.