MABEL A. ETTER, Plaintiff, *v.* EARLY FOUNDRY COMPANY, Defendant.

WILLIAM ETTER, Plaintiff, *v.* EARLY FOUNDRY COMPANY, Defendant.

Supreme Court, Special Term, Chemung County, August 5, 1937.

*Levi & Samuel Ginsburg*, for the plaintiffs.

*McDowell & McDowell*, for the defendant, appearing specially.

PERSONIUS, J. The plaintiffs are residents of New York State. The defendant is a foreign (Pennsylvania) corporation. The actions are to recover damages resulting from personal injuries alleged to have been received in the State of New York through the negligence of defendant's employee.

The summons in each action was served on Joseph Early, vice-president of the defendant, in the city of New York. The defendant moved to vacate such service on the ground that the court had no jurisdiction, alleging that the defendant was not doing business in the State of New York. (*Bagdon* v. *Philadelphia & Reading C. & I. Co.*, 217 N. Y. 432, 438; *Dollar Co.* v. *Canadian C. & F. Co.*, 220 id. 270, 276, 277.) Mr. Early avers that at the time of the attempted service he was in New York in connection with a display of the defendant's merchandise in the show room of the Furniture Exchange. He also avers that although defendant's salesmen take orders in New York State, they are not effective until approved at its office in Pennsylvania and that all deliveries are made from Pennsylvania. On this showing the defendant may or may not be doing business in this State. (*National Furniture Co.* v. *Spiegelman & Co., Inc.*, 116 Misc. 53; affd., 198 App. Div. 672; *Bogert & Hopper, Inc.*, v. *Wilder Mfg. Co.*, 197 id. 773; *Halpern* v. *Pennsylvania Lumber Industries*, 137 Misc. 688, 690.) Mr. Early also avers the conclusion that the defendant does not do business in New York State. His affidavit does not show whether the defendant maintains an office in New York or, if so, to what extent business

is there transacted, how few or many employees are there located, whether it maintains a bank account in the State or matters of that nature.

Pending the defendant's motions to vacate the service of process, the plaintiffs made these motions under sections 288 and 292 of the Civil Practice Act to take the deposition of Mr. Early with reference to the defendant's doing business here. (All references are to the Civil Practice Act.)

We agree that the depositions sought cannot be had under section 307. That provides for taking the deposition of a *person not a party* who has refused to make an affidavit. But whatever inept language may have been used, this application is to take the deposition of a *party*, the corporate defendant, under section 288, by examining one of its officers. (§ 289.)

That the deposition of a *party* may be so taken to be used upon a *motion*, as well as upon a *trial*, is held in *Loonsk Bros., Inc.*, v. *Mednick* (246 App. Div. 464). *Matter of Erlanger* (231 App. Div. 70) seems to assume the contrary. The court discussed particularly the question of whether the matter before it was a special proceeding or a motion. The opinion said: " The matter before us being a motion." The concurring opinion said: " We are of opinion that the examination sought was in a special proceeding."

We agree with the holding in *Loonsk Bros., Inc.*, v. *Mednick* (*supra*). The statute is general. It does not forbid the taking of a deposition before issue joined, or limit the taking of depositions to those intended for use upon trial. The purpose of taking depositions is to develop the facts. That the statute is to be liberally construed has been often stated. It may be as important to develop facts on a motion as on a trial. In the present actions it is essential that the plaintiffs establish jurisdiction and the validity of the service of process. The facts necessary thereto are in the possession of the defendant. An order of reference to examine the president of a defendant foreign corporation as a witness in opposition to its motion to vacate service was sustained in *Dollar Co.* v. *Canadian C. & F. Co.* (220 N. Y. 270), though only a constitutional question was there discussed.

It should be noted that section 303 provides that a deposition taken under section 288 may be read not only at the trial but " upon a motion."

Plaintiffs argue that the motions are premature because issue has not been joined. On applications to take depositions for use upon trials, it is quite universally held that they should not be taken before issue joined because " until joinder of issue it is impossible to ascertain what the disputed facts are." (*Kardonsky* v.

*Tozzi*, 217 App. Div. 753; 4 Carmody, 2798.) But where, as here, the questions are clearly established, a deposition can be taken before issue joined. (*St. John* v. *Putnam*, 128 Misc. 707, 709, 710.)

The defendant says that the plaintiffs could obtain jurisdiction under section 52 of the Vehicle and Traffic Law. If so, that does not forbid personal service. Furthermore, upon the argument it developed that the automobile driven by the defendant's employee was not owned by it but by the employee and that he was fatally injured. That section is, therefore, unavailing.

True, as urged by defendant, it has appeared specially for the sole and only purpose of testing the validity of the service of process. It also appeared specially in opposition to these motions to take depositions. Such appearance does not give general jurisdiction. No step taken in connection with the motions gives general jurisdiction. But the special appearance is sufficient for all purposes relating to the motions, including the granting of intermediate orders necessary thereto. (*Amusement Securities Corp.* v. *Academy Pictures Dist. Corp.*, 251 App. Div. 227.)

The provisions for the examination of a party before trial apply to non-residents as well as residents. (*Wolf* v. *Union Waxed & Parchment Paper Co.*, 148 App. Div. 623, 625; *Meinig Co.* v. *United States Fastener Co.*, 194 id. 397.)

An order may be entered in each action directing the examination of Joseph Early as to what business the defendant was doing in the State of New York at the time of the attempted service of process, on interrogatories, or open commission at Scranton, Pa., as the plaintiffs may elect. The order may also provide that, if they elect to examine him on open commission, the plaintiffs pay the defendant fifty dollars to meet the expenses of its representative at the hearing (*Drake* v. *Line-A-Time Mfg. Co., Inc.*, 226 App. Div. 717), and that the plaintiffs give said Joseph Early reasonable written notice of the time and place of hearing, and that the defendant's motions to vacate the service of process be brought on for further hearing on written notice of five days, after the taking and filing of such deposition.

Submit order accordingly.