FIRST NATIONAL BANK OF ADAMS, MASS., Appellant, v. S. JAMES ALTERMAN, Respondent.— The Special Term granted a motion by defendant to take the deposition of a non-resident witness, under the provisions of section 307 of the Civil Practice Act, who refused to make an affidavit on defendant's motion for a new trial on newly-discovered evidence. The order was one resting in the discretion of the trial justice. Order affirmed, with ten dollars costs and disbursements; the examination to proceed on five days' notice as directed in the order. Hagarty, Carswell, Davis, Johnston and Adel, JJ., concur.

FISK DISCOUNT CORPORATION, Plaintiff, v. BROOKLYN TAXICAB TRANS. Co., INC., Appellant, and CHECKER CAB SALES CORPORATION, Respondent.— Order granted September 22, 1937, denying the motion of defendant Brooklyn Taxicab Trans. Co., Inc., for an examination of the impleaded defendant, Checker Cab Sales Corporation, by Morris Markin, reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted; such examination to be had at the Court House, Special Term, Part II, Kings county, on five days' notice. It stands undisputed in the record that Markin is an officer and director of the parent company, which controls, by stock ownership or otherwise, all of the subsidiary, affiliated or merged corporations, of which the respondent is one; that he alone, on behalf of the impleaded defendant, negotiated the contract in litigation here; and that his evidence is material and necessary. He has an office in Manhattan and cannot be greatly inconvenienced by such examination, no matter where he resides. The affidavits filed in opposition are not made by any officer of the impleaded defendant corporation or of the controlling corporation to dispute the facts alleged on behalf of the movant. The affidavits that are filed are, to say the least, not frank, but are evasive. Under the circumstances, this court will hold that Markin is so connected with the impleaded defendant as to be representative of it in an official way. Appeal from order denying reargument on additional affidavits dismissed. Hagarty, Carswell, Davis, Johnston and Adel, JJ., concur.