In the Matter of the Estate of Grace Danielson, an Incompetent Person. Donato Zappa, Appellant; Charles J. Dodd, Jr., as Committee, etc., of Grace Danielson, an Incompetent Person, and Central Islip State Hospital, Respondents.— Order confirming and adopting report of an official referee and dismissing a claim of the appellant based on the alleged furnishing of board and lodging to an incompetent modified by striking out the first ordering paragraph and in place thereof inserting a provision that the report of the official referee be disapproved and that the application of the appellant be granted to the extent of permitting him to sue the committee of the incompetent. As thus modified, the order is affirmed, with ten dollars costs and disbursements to the appellant, payable out of the estate of the incompetent. The denial of the appellant's application for an order directing the committee to pay over a specified sum to him for alleged board and lodging furnished to the incompetent was proper. The alternative relief, however, should have been granted. The appellant made a *prima facie* showing that he was entitled to sue in *quantum meruit* or on an alleged oral agreement for board and lodging allegedly furnished to the incompetent. He does not seek to recover on the written agreement subsequently signed by the petitioner and Grace Danielson. That agreement has been rendered impossible of performance as a matter of law. Prior to that occurrence Grace Danielson failed to perform her obligations thereunder within a reasonable time. There was, therefore, a failure of consideration and petitioner was free to have recourse to the earlier oral agreement or to the theory of *quantum meruit*. Of course petitioner's claim will be subject to defenses of payment and the Statute of Limitations, the effect of which must await a trial. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur.