STANDARD FOODS PRODUCTS CORP., Plaintiff, *v.* VINAS UNIDAS S. A. et al., Defendants.

Supreme Court, Special Term, Kings County, March 28, 1951.

*Krisel, Lessall & Dowling* for plaintiff.

*Frank Reiter* for defendants.

BELDOCK, J. Plaintiff moves for an examination before trial. The action is brought to recover damages for breach of contract against a corporation organized and existing under the laws of Chile and one Sol E. Abeles who is alleged to be the American representative of such corporation.

The action was commenced by the service of a summons and complaint upon the corporate defendant by delivering a copy of each thereof to one Arturo Crenovich, the claimed managing agent and director of the corporation. Service was also effected upon defendant Abeles who has appeared generally and has interposed an answer to the allegations of the complaint. However, a special appearance has been interposed on behalf of the defendant corporation which has made an application before another Justice of this court to vacate the service upon it upon the ground that it was not effected in accordance with section 229 of the Civil Practice Act and upon the further ground that the defendant corporation was not doing business within the State of New York at the time of the commencement of the action. Such application was opposed on the claim, among others, that the corporate defendant prior to and at the time of the commencement of the action was in fact transacting business within this State. That motion was referred to an Official Referee to hear and determine, and is now pending.

On this application, plaintiff moves to examine the corporate defendant and Abeles as adverse parties before trial, and also seeks an examination of Arturo Crenovich and Abeles as witnesses on issues relating to the motion made by the corporate defendant to vacate and set aside the service, the purpose of

which examinations is to establish the essential facts indicating that the corporation is doing business within this State. In opposition to the instant motion, defendants contend that there is no authority in law for the taking of the depositions herein sought.

It is to be noted that the moving papers do not specifically indicate the section of the Civil Practice Act upon which plaintiff relies for the relief sought, but rather makes its motion under the broad provisions of article 29 of the Act.

Section 307 of the Civil Practice Act, which is embraced within article 29, provides that if the testimony of a person, *not a party,* be desired for use upon a motion and the deposition of such person be necessary, the fact that he has refused to make an affidavit of facts which the party desiring his testimony believes are within his knowledge, presents a sufficient ground for such deposition. That section is implemented by rule 120 of the Rules of Civil Practice which expressly indicates that the deposition may be allowed where '' such person has refused to make an affidavit of the facts which the applicant verily believes are within his knowledge.''

Carmody on New York Practice (Vol. 1, § 397) indicates that four essential elements are required to be incorporated in an affidavit in support of a motion of this character, one of them being that the person sought to be examined has refused to make an affidavit of the facts which the applicant verily believes are within his knowledge. Outlining the procedural steps, Carmody states (Vol. 1, p. 577) that an affidavit be prepared by the movant and presented to the witness with a request that it be signed and sworn to, and that in the event of refusal, the proposed affidavit be made part of the papers upon which the order is based.

In *First Nat. Bank* v. *Alterman* (253 App. Div. 740 [2d dept.]), an order of Special Term granting a motion by defendant to take the deposition of a nonresident witness under the provisions of section 307 of the Civil Practice Act, was affirmed. In that case the memorandum decision specifically points out that the nonresident witness refused to make an affidavit for use on defendant's motion. Similarly, in *Johnson* v. *Beneficial Ind. Loan Corp.* (251 App. Div. 839), the Appellate Division of our department again held that witnesses could be examined under section 307 and rule 120 so that their testimony might be used upon a motion to vacate service of a summons and complaint on the ground that the corporation was not doing business within the State of New York. It does appear, however, from

an examination of the record on appeal that plaintiff's attorney presented affidavits to these witnesses for their signature and upon their refusal to sign, these proposed and unsworn affidavits were made part of the moving papers.

In the instant case, however, there is no allegation in the moving papers that the persons sought to be examined have refused to make an affidavit which has been presented to them for signature. In the absence of such prerequisite, plaintiff cannot examine the witnesses named before trial for use upon the motion. Moreover, under the aforesaid section, plaintiff is precluded from examining Abeles since he is a party defendant designated.

Accordingly, the application to examine defendant Abeles is denied; the examination of Crenovich is likewise denied, but without prejudice to a renewal upon proper papers in accordance with the requirements of section 307 of the Civil Practice Act and rule 120 of the Rules of Civil Practice.

With respect to the propriety of granting an examination of the parties defendant as adverse parties, a conflict of authorities exists among the various departments of this State. In the fourth department, in *Loonsk Bros.* v. *Mednick* (246 App. Div. 464), it was held that a preliminary motion is part of the action and that an examination of a party may be taken for use upon a motion. A similar holding was made at Special Term in the third department in *Etter* v. *Early Foundry Co.* (164 Misc. 88), citing the *Loonsk* case (*supra*). A contrary conclusion has been reached, however, in the first department. Such department specifically holds that there is no authority, statutory or otherwise, for the taking of the deposition of a party on a preliminary motion separate and apart from a trial (*Matter of Erlanger*, 231 App. Div. 70, 72–73; *Norton* v. *Cromwell*, 248 App. Div. 707; *Meinhard-Greef & Co.* v. *Higginbotham-Bailey-Logan Co.*, N. Y. L. J., March 5, 1941, p. 999, col. 3, EDER, J., affd. 261 App. Div. 1054; *Dalinda* v. *Abegg*, 177 Misc. 265, affd. 262 App. Div. 999; *Debrey* v. *Hanna*, 182 Misc. 824; *Matter of Popper*, N. Y. L. J., Dec. 12, 1949, p. 1601, col. 5; *Edgar* v. *Yerex*, N. Y. L. J. April 5, 1944, p. 1325, col. 6).

The court's attention has not been called to any determination of this department on the specific issue herein involved. It is interesting to note, however, that in the *Johnson* case (251 App. Div. 839, *supra*), an application was made to examine two witnesses as well as a party defendant, under article 29 without indicating the specific section under which the application was made. An examination was allowed as to the witnesses but

denied as to the defendant designated. The record on appeal indicates that defendant argued that one of the persons sought to be examined was a party and, therefore, section 307 did not apply; that in any event there was no averment that an affidavit was presented to such party for signature, and, finally, that if such party's testimony be desired under a section other than section 307, an examination would not be permitted before issue joined. The decision cited section 307 of the Civil Practice Act and rule 120 of the Rules of Civil Practice. In view of the citation of the specific section of the Civil Practice Act, namely, 307, the question as to whether a party may be examined under the other sections of article 29 is undetermined.

After careful consideration, the court concludes that there is no authority for the taking of a deposition of a *party* for use upon a motion. The statute (Civ. Prac. Act, § 288) contemplates that evidence will be obtained " to prove either a cause of action or a defense " (4 Carmody on New York Practice, § 1235). The evidence here sought to be obtained will not prove the cause of action (breach of contract). Moreover, section 288 is limited by its own terms to the " pendency of action and before trial." Here, issue has not been joined, defendant corporation having appeared specially for the sole purpose of having service invalidated. Consequently, no action may be said to be pending under which a deposition might be authorized.

Significantly, in a bulletin issued by the legislative reporter of the New York State Bar Association (N. Y. L. J., Feb. 9, 1951, p. 505, col. 3) it is indicated that since there is presently no express statutory authority for compelling the deposition of a *party* for use upon a motion, the Judicial Council recommended the enactment of a bill at the last session of the Legislature which would amend section 307 to make it expressly applicable to the testimony of " any person *or party* ". It is pointed out therein that such depositions are permitted in the fourth and third departments under a liberal construction of section 288 of the Civil Practice Act, but that the rule is otherwise in the first department. The recommendation of the Judicial Council was made in the interests of uniformity in the motion practice of the various departments. Although companion bills were introduced in the Assembly and the Senate, they failed of passage. (See New York Legislative Record and Index which contains a complete cumulative record of all bills introduced in this session of the Legislature.)

Had the Legislature intended that testimony of a party could be taken upon a motion, section 307 of the Civil Practice Act

would not have excluded " parties " from such provision. While it would seem to this court that an amendment such as recommended by the Judicial Council would be desirable, in the absence thereof the court is constrained to deny this application for examination of defendants as adverse parties.

Settle order on notice, in accordance with the foregoing.