FOREIGN SUPPLY COMPANY, INC., Respondent, *v.* KEYSTONE EQUIPMENT CO., INC., Defendant, and ALLIED EQUIPMENT CO., INC., Appellant.

Order modified by directing that the testimony be taken on open commission in Cleveland, Ohio, and, as so modified, affirmed.

COHN, J. (dissenting). Defendant Allied Equipment Co., Inc., appearing specially, moved to set aside the service of the summons on the ground that it is a foreign corporation not doing business within this State. The motion was granted to the extent of designating an Official Referee to hear and report as to whether defendant, at the time of the alleged service, was doing business in this State to such an extent as to be subject to the service of process here. Pending the receipt of the Referee's report, the determination of the motion was held in abeyance by Special Term.

Preliminary to the hearing before the Official Referee, plaintiff moved to examine defendant corporation concerning the business the latter carried on in New York. Although no attempt was made by plaintiff to show any special circumstances warranting the examination, the motion was granted and defendant by its treasurer was ordered to appear for examination at Special Term and to produce its books and records for use in accordance with the provisions of section 296 of the Civil Practice Act.

Motions are generally decided on affidavits and documentary proof. In this instance, however, a reference was ordered to have the facts developed to aid the court in disposing of the motion. On the hearing before the Referee, defendant will have the burden of establishing that it is not doing business in this State to such an extent as to make it amenable to process. Plaintiff will have the opportunity to cross-examine witnesses called by defendant, to present the testimony of its own witnesses and any other proper evidence. Aside from the obvious lack of necessity for the examination, it is my view that the provisions of article 29 of the Civil Practice Act (§ 288 *et seq.*) do not authorize the examination of a putative defendant corporation as a party in aid of a motion.

The case of *Dollar Co. v. Canadian Car & Foundry Co.* (220 N. Y. 270), on which plaintiff chiefly relies is clearly distinguishable. There the plaintiff sought pursuant to section 885 of the Code of Civil Procedure (now Civ. Prac.

Act, § 307) the deposition of the president of the defendant corporation for use on a motion. The basis of the motion was that the corporate officer had refused to make an affidavit as requested by the plaintiff. The order in that case directed the examination not of the defendant corporation but of the president thereof as a witness.

If the motion in the case at bar was to examine Harvey Brenner, the treasurer of defendant, as a witness on the ground that he was without the State and was not expected to be present at the hearing before the Referee, the application to take his deposition would be a proper one. That, however, is not the relief sought by plaintiff.

I, accordingly, dissent and vote to reverse the order and deny the motion.

Peck, P. J., Dore, Van Voorhis and McCurn, JJ., concur in decision; Cohn, J., dissents and votes to reverse the order and deny the motion, in opinion.

Order modified by directing that the testimony be taken on open commission in Cleveland, Ohio, and, as so modified, affirmed. No opinion. Settle order on notice.