Anthony P. Savaeese, S.
In this contested probate proceeding, three motions are before the court. Decedent died on August 8, 1956 survived by several brothers and sisters and by an alleged spouse, the objector herein, to whom she was married on August 8, 1953. The propounded paper, dated November 9, 1955, makes no provision for the objector and recites, as the reason therefor, the decedent’s belief that the objector was not truly her husband since he had previously been married. The decedent further expressed her belief that objector had abandoned his wife in Italy and that his first marriage had never been legally terminated.
*108 Issue has been joined by the interposition of an answer alleging lack of testamentary capacity, fraud, duress and undue influence and claiming an interest in the estate as the spouse of the deceased.
Proponent now moves to dismiss the objections on the ground. that objector has no status. Decision on this motion and that of the objector to examine the subscribing witnesses will be withheld pending a determination on the issue of status which will be heard on May 20,1957 at 10:00 a.m.
The third motion before the court, submitted by the proponent simultaneously with his motion to dismiss the objections, requires more extended consideration. Proponent seeks thereby to examine the objector on the facts of the alleged prior marriage, the preliminary issue herein. The objector opposes this motion on the ground that “ there is no authority for the taking of depositions for use upon a motion ”, citing Matter of Erlanger (231 App. Div. 70) and Standard Foods Prods. Corp. v. Vinas Unidas S. A. (200 Misc. 590).
In the Erlanger case, the Appellate Division for the First Department was confronted with a situation almost identical to the one now before this court. The Surrogate had ordered a hearing on the issue of status of an alleged spouse and had granted an examination before trial on said issue. The motion to dismiss objections awaited the outcome of the hearing. In reversing the order granting an examination before trial, the court held that the preliminary hearing was not a special proceeding in which such examination could be had under section 308 of the Civil Practice Act. Summarizing the view of the court, Justice Martin stated: ‘ ‘ The matter before us being a motion similar to many other motions that are made from time to time in the course of a litigation, it would seem unwise to extend the practice to meet such conditions.” (Matter of Erlanger, supra, p. 73.) This is unquestionably the rule in the First Department. (See Norton v. Cromwell, 248 App. Div. 707; Matter of Popper [Sherman Weir, Inc.], N. Y. L. J., Dec. 12, 1949, p. 1601, col. 5.)
It would appear, however, that the Appellate Division for the Fourth Department has expressly rejected the First Department view. While agreeing that a party might not be examined, on a motion, under the provisions of section 307 of the Civil Practice Act, which provides for such examination of witnesses, that court held: ‘ ‘ But for taking the deposition of a party, even for use on a motion, sufficient authority is found in section 288 of the Civil Practice Act * * *. Under section 288 no excuse is needed for taking the deposition of a party to an action other *109 than that the deposition is material and necessary to the prosecution or defense of the action. An action is more than a trial on the merits. Preliminary motions are a part of the action ’ ’. (Loonsk Bros. v. Mednick, 246 App. Div. 464, 466.) This interpretation has been adopted in the Third Department. (Etter v. Early Foundry Co., 164 Misc. 88.) Though, as yet, the Appellate Division in the Second Department has not expressed its view on this problem, the Supreme Court in Kings County has reluctantly followed the rule of the First Department in Standard Foods Prods. Corp. v. Vinas Unidas S. A. (supra) as did the late Surrogate McGarey in Matter of Bonanno (N. Y. L. J., Nov. 13, 1944, p. 1271, col. 1).
In 1950, the Judicial Council recommended an amendment of the Civil Practice Act to resolve the difference between the departments. Concluding the study which resulted in this recommendation, the council stated: “ Finally, because it is desirable for motions to be determined after both parties have had a full opportunity to sustain their respective positions, the recommended amendments * * * adopt the liberal practice of the Fourth Department. ’ ’ (Sixteenth Annual Report of N. Y. Judicial Council, 1950, p. 226.) While no legislation has resulted from this recommendation, this court agrees with the views of the Judicial Council and with the results reached in the Third and Fourth Departments.
Some light is shed on the view of our Second Department in Matter of Irwin (258 App. Div. 910.) In that case probate had been opened and leave given to the objectors to intervene. Surrogate Wingate, having first dismissed a motion by the proponent to strike out the appearance of the objectors, ordered a preliminary hearing on the status of said objectors and granted a motion by the contestants for the issuance of a commission to take testimony on the issue of status. The Appellate Division, in affirming with modifications, distinguished the Frlanger and Norton cases (supra) on the ground that, in those cases, pending motions were before the court, whereas, in the case before them, all motions had been disposed of. Since, however, the Appellate Division for this department had held that an examination before trial may be had on the issue of status, generally determined by the Surrogate in preliminary hearings, this court cannot rule that a party who moves to dismiss objections to probate thereby precludes his right to such examination. Motion granted. In the absence of agreement, the time of the examination, which will be held before the official stenographer, will be fixed in the order hereon which should be settled on notice.