Samuel H. Hofstadter, J.
On November 28,1958, this action for a permanent injunction was commenced when the summons was served together with a motion brought on by order to show cause containing a stay and seeking a temporary injunction. The motion was returnable on December 1, 1958 and is presently on the motion calendar for February 9, 1959. On November 28, 1958 there was served a subpoena to testify and to produce upon the witness Strauss & Company and a subpoena duces tecum was likewise served on November 28, 1958 upon the defendant Sarlie. The witness appearing specially and the defendant have moved to vacate the subpcenaes. Thereafter plaintiff moved pursuant to rule 120 of the Buies of Civil Practice for an order appointing a Beferee to take the depositions of two witnesses, Kurt Strauss and Milton Paulson, and by separate motion pursuant to section 288 of the Civil Practice Act for the examination of the defendant Sarlie. The subpcenaes directed to the defendant Sarlie are thus superseded and his motion to vacate is academic. The subpoena directed to the witness Strauss & Company is not superseded. By virtue of the order to show cause the court has obtained jurisdiction by provisional remedy (Daly v. Amberg, 126 N. Y. 490). As to the witness Strauss & Company, the subpoena is in. order (Civ. Prac. Act, § 403).
*53 The action involves certain loan agreements pursuant to which security was pledged and which permit the assignment of such agreements together with the pledged securities. Assignment by the defendant Sarlie to the defendant Murat Anstalt, a foreign entity, is claimed although apparently the securities are in this jurisdiction and the actual identity and relationship of Murat Anstalt to Sarlie is shrouded in mystery. It is the disposition of the securities which, by the motion for temporary injunction, the plaintiff seeks to restrain. Accordingly, in addition to the location and identification of the securities, plaintiff desires an examination into the relationship between the defendants Sarlie and Murat Anstalt, the latter’s identity and its principals and agents and the interest of the defendant Sarlie in the notes and collateral.
It is argued that depositions may not be required after a motion has been made. First, it may be noted that a pre-motion examination would be futile if the motion for temporary injunction for restraint brought on by order to show cause containing a stay can be made only at the risk of loss of the aid now sought by the seeking of depositions prior to the institution of the motion with the consequent risk of disposition. The relief which plaintiff seeks is available pursuant to sections 288, 307 and 403 of the Civil Practice Act and rule 120 of the Rules of Civil Practice. An important element of the injunction proceeding is the location and identification of the securities in order to render any order definite and enforcible and to persuade the court to make an order which it would refuse to do in the event it does not clearly appear that the securities are here and as to which the parties and others holding the securities as agents or otherwise are to be enjoined.
With respect to an examination pursuant to section 288 of the Civil Practice Act, it is sufficient that the depositions are material and necessary to the prosecution of the action of which preliminary motions are a part. (Foreign Supply Co. v. Keystone Equip., 278 App. Div. 816; Van Dyke Oil Portraits Ltd. v. E. Fiehl Ltd., 5 A D 2d 824; Loonsk Bros. v. Mednick, 246 App. Div. 464.) If plaintiff deems itself entitled to relief pendente lite, it should be able to establish the fact by the deposition of the party against whom the relief is sought and the time for examination is a matter of discretion. In this connection, as to the witnesses whose depositions are sought pursuant to rule 120, no line should be drawn upon a motion for temporary injunction brought on by order to show cause served together with the summons and subpoena as to whether *54 the subpoena was first served or contemporaneously with the motion. While the motion pursuant to rule 120 may supersede the subpoena, it should nevertheless be considered as an extension thereof and that the plaintiff in all events is entitled to the requested relief. (Van Dyke Oil Portraits Ltd. v. E. Fiehl Ltd., supra.)
Accordingly, the motion of the defendant. Sarlie to vacate the subpoenaes is deemed academic and it is ■ accordingly dismissed ; the motion of the witness Strauss & Company to vacate subpoena is denied. Plaintiff’s motions for relief pursuant to section 288 of the Civil Practice Act and rule 120 of the Rules of Civil Practice are granted.
Settle order providing for the designation of a Referee.