S. Samuel Di Falco, S.
The present motions present a question of law respecting the power of the court to direct an examination before trial of the proponent on issues that are to be tried preliminarily to the main issues in the probate proceeding.
The amended petition for probate of the will listed as distributees of the testator seven persons described as “ a first cousin of deceased ”. The petitioner describes herself as “ surviving wife and executrix ”. A large number of other persons are named as possible distributees, if living. Seven of the cousins have appeared in the proceeding and have filed objections to the probate of the will. Petitioner thereupon moved to strike out the notices of appearances and to dismiss the objections on the ground that each of the contestants is not a party entitled to file objections to the probate of the will. Though she listed them in the petition as ‘ ‘ distributees ’ ’, she now challenges their status. The court directed a hearing of the preliminary issue raised by this challenge of objectants’ status.
The objectants seek to examine the proponent on two matters: first, the marriage of the proponent and the testator; secondly, facts and circumstances connected with objectants’ status, including the nonexistence of any persons bearing a closer relationship to the testator. It is at once apparent that the relationship of the proponent to the testator has a very important bearing upon objectants’ standing as distributees. The testator described the proponent in his will as “ my friend ”. The name she uses is not that of the testator. The facts regarding her marriage are facts within her knowledge and not within the knowledge of the contestants. Moreover, proponent’s knowledge of the fate of other nearer relatives would seem a proper subject of inquiry under the circumstances of this ease.
We are met at the outset, however, by the decision in Matter of Erlanger (231 App. Div. 70) which the proponent cites as decisive authority for denial of the applications for her examination. On initial examination, that decision would appear to support her position for the Appellate Division held, by a divided court, that where the immediate issue arose from an application to strike out objections to the probate of a will on the ground that the objectant was not a person interested in the estate, the issue ‘ ‘ arises solely as an adjunct of a motion and solely for the purpose of deciding that motion ” (p. 71), and that “ it would *112 seem unwise to extend the practice ’ ’ of examinations before trial to a preliminary motion separate and apart from the main trial of the issues (p. 73).
With respect to the right of a party to take the deposition of another party for use on a motion, the decisions have been somewhat in conflict. (See Sixteenth Annual Report of N. Y. Judicial Council, 1950, p. 222.) It has been held by the Appellate Division in the Fourth Department that section 288 of the Civil Practice Act furnishes sufficient authority for taking the deposition of a party for use on a motion. (Loonsk Bros. v. Mednick, 246 App. Div. 464, 466.) The same view of the statute has been taken by a lower court in the Third Department. (Etter v. Early Foundry Co., 164 Misc. 88.) In the Second Department, examinations have been allowed in probate proceedings on the question of status, but in such cases the examination was sought not on a motion but for use in the hearing of all issues embraced in the proceeding. (Matter of Irwin, 258 App. Div. 910; see, also, Matter of Potenza, 19 Misc 2d 107.) The rule in the First Department is said to be different from that in force in the other departments and to construe the applicable statute as giving no right to an examination-before trial in connection with a motion. However, the cases which are cited in support of so broad a rule have been said to be explainable on other grounds. (See Sixteenth Annual Report of N. Y. Judicial Council, 1950, pp. 223-224.) Aside from all questions of purely technical distinctions, it seems to this court that the Appellate Division in this department has clearly indicated the necessity of a more liberal and practical view of the requirements of the statute (Borros, Inc. v. Borros Bros., 274 App. Div. 11, 13) and that the decision in Matter of Erlanger (231 App. Div. 70, supra) yields to more recent pronouncements of the court.
It is to be noted that in Matter of Erlanger (supra), the majority did not say that there was no justification at all for permitting such an examination. They said rather that ‘1 it would seem unwise to extend the practice to meet such conditions ” (p. 73). It is to be noted, moreover, that the court in that case was sharply divided on the question whether the issue arose in a special proceeding or on a motion. Other decisions have indicated a method to circumvent that particular difficulty. (Matter of Irwin, supra.) There may well be support for both sides of a dispute as to whether the question of status is one which arises out of a motion or is merely an issue which the court may set down for preliminary hearing under section 443 of the Civil Practice Act and under the authority of Matter of Cook (244 N. Y. 63, 72). Substantial rights of the parties should *113 not, however, be made to depend upon a distinction so finely drawn. The Legislature has clearly stated the rule which is to guide the courts, namely, is the testimony which is sought “ material and necessary in the prosecution or defense ” of the action or proceeding? (Civ. Prac. Act, § 288.)
The Appellate Division has advised the courts that ‘ ‘ a liberal and practical view should be taken of what is necessary.” Limitations that are “ no longer consonant with good practice or justice ” are not to be observed. “ There is so much merit in a disclosure of the facts in advance of trial that it should be allowed whenever legitimately sought.” (Dorros, Inc. v. Dorros Bros., supra, pp. 13,14.)
There can be no reasonable doubt that the testimony which the objectants seek is both “ material and necessary ” in the prosecution of their objections and the defense of their rights. The preliminary issue of status can hardly be regarded simply as an incidental motion in a proceeding. It is vital to the case of the party whose status is challenged. The objectants here seek testimony which is peculiarly within the knowledge of the person who has attacked their right to object. The denial of their right to inquire into such matters is “ no longer consonant with good practice or justice ”.
The motion to examine the proponent is granted and the motion to vacate the notice of examination is denied.
Submit orders on notice.