Charles A. Loreto, J.
Plaintiff moves for a further examination before trial of the defendant, a domestic corporation, by one Sydney Bothman, a director of the defendant, who resides in Great Britain. The complaint charges unfair competition in the use of the words “ Pall Mall”. Defendant’s answer asserts denials as well as counterclaims charging the plaintiff with infringement and unfair competition in the use of those words, claiming original, earlier and continued use of the words.
Pursuant to notice, plaintiff has examined the defendant before trial through its president, Jacobus Johannes Naude. It is stated that the said person became an officer of the company within the past year and, upon the examination, indicated a lack of knowledge with respect to the use of the words “ Pall Mall ” during the preceding years, as claimed in the defendant’s counterclaim. It is indicated that Sydney Bothman has been familiar with the claimed history of the use of the words “ Pall Mall ” by the affiliates of the defendant corporation, upon which its right to the use thereof is claimed, at least since the year 1923.
The principal objection to the examination sought is that Sydney Bothman is a resident of Great Britain and that as he has been a director of the defendant corporation since 1956, he may be examined only as a director of the corporation as to his actions done or his knowledge obtained in his corporate capacity. Defendant argues that what the plaintiff really is seeking is to examine Sydney Bothman as a witness and an application should be based upon that ground.
The purpose of examinations before trial is that “ both sides should have a fair opportunity, in advance of trial, to garner evidence. Examinations before trial are thus a useful procedure *222 in facilitating preparation and expediting the trial ” (Marie Dorros, Inc. v. Dorros Bros., 274 App. Div. 11, 13).
On an examination before trial an officer of the defendant corporation should be required to testify as to any matters in issue relating to the history or conduct of its corporate affairs of which he acquired knowledge prior to becoming an officer. To hold that the examination before trial of the corporate defendant by its officer, Sydney Rothman, as to the defendant’s claimed history and use of the words “Pall Mall” should under the facts of this case be denied because it calls for his examination as a witness and not as officer of the defendant, necessitates the drawing of a line of distinction that would tend to obstruct the defeat rather than sustain the beneficial purpose of this remedy. His examination should be allowed as to the matters in issue (see New York Assets Realization Co. v. Pforzheimer, 158 App. Div. 700). Of course, the admissibility of his testimony would be subject to the rules of evidence.
The motion is granted. This is a situation wherein the parties should agree upon the time for the taking of the examination. If they fail to do so, submit order for settlement.