█   Fun Fair Park, Inc., et al., v. Frances Ursini et al. Fun Fair Park, Inc., et al., v. Gabor Holding Corp. et al.— Motion for a stay denied. Concur — Rabin, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

█   In the Matter of the Probate of the Will of Manfred Sakel, Deceased. Marianne Englander, Appellant; Jaime Gottlieb et al., Respondents.   In the Matter of the Probate of the Will of Manfred Sakel, Deceased.  Marianne Englander, Appellant; Ada Nachman et al., Respondents.— Orders unanimously affirmed, with costs to all parties filing briefs, and the examinations are to proceed on a date to be fixed in the orders to be entered hereon.   Contestants to the probate of a will have been permitted to take the deposition of the proponent on the question of status of contestants to file objections under section 147 of the Surrogate's Court Act.   In addition to challenging the power of the court to permit the examination, proponent urges that the denial of the motion to vacate the notice of examination was an improvident exercise of discretion.   Both our decision in *Marie Dorros, Inc.* v. *Dorros Bros.* (274 App. Div. 11) and the adoption of rule 121-a of the Rules of Civil Practice are strides toward unrestricted pretrial procedures and examinations. Under section 288 of the Civil Practice Act, any party to an action may obtain the examination of any other party on matters which are "material and necessary in the prosecution or defense of the action".   A hearing to determine status is a separate trial of an issue in a contested probate proceeding and falls within the purview of subdivision 3 of section 443 of the Civil Practice Act empowering a court to order that one or more issues be tried separately prior to any trial of the other issues in the case.   (See *Matter of Fox,* 166 App. Div. 718.)   Testimony upon such a preliminary trial of status relates to matters which are "material and necessary in the prosecution or defense of the action" and may therefore be elicited by a pretrial examination under section 288 of the Civil Practice Act.   But even were such a hearing not a separate trial under section 443, we would permit the examination, since the court has the power, in its discretion, to grant an examination in connection with hearings preliminary to the trial of an action or proceeding whenever such examination appears necessary for the proper determination of the issues of the preliminary hearing.   Having liberalized the rules as to depositions before trial, we do not intend to neutralize the effect by restrictive interpretation based on outworn and rejected procedural concepts.   To deny an examination for the purposes of an important preliminary hearing, as distinguished from a trial of the main issue in a case, would be a retrogressive step in the march toward modernization of our discovery procedures.   We prefer to expand, rather than curtail, the use of this efficacious remedy.   Since we do not view the present appeal as presenting the right to take a deposition upon a motion, we do not pass upon the scope of section 307 of the Civil Practice Act and rule 120 of the Rules of Civil Practice.   We leave to an appropriate case consideration of the question of the taking of the deposition of a party on a preliminary motion separate and apart from a hearing or trial. Settle orders.   Concur — Botein, P. J., Breitel, M. M. Frank, Valente and Stevens, JJ.   [19 Misc 2d 110.]