Aron Steuer, J.
Plaintiff has served a notice to examine defendant corporation by C. Wrede Petersmeyer, its president. It appears that defendant has been merged into another corporation and that the officer sought to be examined is the president of the latter corporation also. No point is made as to this. The question that defendant does raise is that its president was not connected with the corporation at the time the transaction involved in the complaint took place. The action is for a commission for procuring the sale of a television station. The sale was consummated but took the form of a sale of all of defendant’s stock to the purchasers. Upon the transfer of the stock, Mr. Petersmeyer, formerly an officer of the company effecting the purchase, became president of the defendant.
It is defendant’s contention that he cannot be questioned as to information that he acquired prior to his becoming an officer. It is elementary that in an examination before trial where the adverse party is a corporation the examination is of the corporation which testifies through its officer or employee (United States Overseas Airlines v. Cox, 283 App. Div. 31). So that the information that can be elicited is only what the corporation would have, obviously a corporation is only deemed to know what its representative acquires in his capacity as a corporate officer. And only that can be sought (Glass v. Cracovaner, 283 App. Div. 779). But there is an opposite side to the picture. A corporation sometimes does acquire information that an individual had before he became an officer when he becomes an officer. Such instances are limited, however, to rather special circumstances, as where the corporation was organized to acquire the assets of another company and the officer gained the information as an officer of the prior company (New York Assets Realisation Co. v. Pforzheimer, 158 App. Div. 700), or as an officer of a subsidiary (Fisk Discount Corp. v. Brooklyn Taxicab Trans. Co., 253 App. Div. 740).
*211 The situation here does not parallel those instances but the inquiry remains whether this is a situation which should permit examination. Obviously at the time of the transaction Mr. Petersmeyer’s interests were opposed to those of the corporation and it could not be compelled to speak through him. Nor could it then or now be bound by his understanding of the transaction between the plaintiff and defendant. To allow an examination of the defendant through him could conceivably prejudice defendant greatly due to the difficulty of distinguishing between his personal understanding and his present position. It is believed that the interests of justice would best be served by confining any examination of Mr. Petersmeyer to that of a witness, and for that relief plaintiff may move. Motion granted.