■ CHARLETTE D. ESKIN, Respondent, v. JORDAN H. ESKIN, Appellant.—In an action for a separation, the defendant husband appeals as follows from four orders of the Supreme Court, Westchester County (the appeals having been consolidated): (1) from so much of an order, dated September 3, 1963, as denied his motion to vacate or modify a prior order of said court, dated May 6, 1963, which had granted plaintiff's motion and directed him to pay counsel fees and $100 a week for her support and for the support of the parties' three children; (2) from so much of an order, dated August 29, 1963, as granted plaintiff's motion to punish him for contempt, adjudged him in contempt; fined him the sum of $1,780 for arrears in the payment of temporary alimony and counsel fees; and directed the issuance of a warrant of commitment; (3) an order, dated August 29, 1963, which denied his motion to be relieved (a) of any contempt order and fine imposed pursuant to a decision dated July 3, 1963 (on which the afore-mentioned order of August 29, 1963 was entered); and (b) from making any further payments for temporary alimony and support pursuant to the order of May 6, 1963 until further order of the court, and which vacated the stay contained in the order to show cause bringing on said motion; and (4) an order, dated September 3, 1963, which denied his motion to take the depositions of plaintiff, her housekeeper and her father, and for a discovery and inspection for use on the defendant's motion to vacate or modify the afore-mentioned order of May 6, 1963. The

appeal from order of August 29, 1963, granting plaintiff's motion to punish defendant for contempt is dismissed. The notice of appeal from said order was not timely served. We have nevertheless considered the merits of this appeal and, if the order were properly before us for review on the merits, we would affirm said order. The other three orders, insofar as appealed from, are affirmed, with one bill of $10 costs and disbursements to plaintiff. Under the circumstances revealed to this court in the motions before it and in the many papers before Special Term, it is clear that the action was to be vigorously litigated and that the defendant, an attorney, was resorting to many dilatory tactics and would continue to do so. Thus it may not be held that Special Term improvidently exercised its discretion in making the first three orders appealed from enumerated above (cf. *Golding* v. *Golding*, 6 A D 2d 871). The defendant's motion for the depositions and the discovery and inspection was properly denied (cf. *Campbell* v. *Campbell*, 7 A D 2d 1011; *Hunter* v. *Hunter*, 10 A D 2d 291; *Standard Food Prods.* v. *Vinas Unidas*, 200 Misc. 590). Kleinfeld, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.