THE PEOPLE OF THE STATE OF NEW YORK ex rel. HERBERT D. LEWIS, Appellant, *v.* ROBERT L. FOWLER, a Surrogate of the County of New York, Respondent.

Surrogate's Court — practice — examination of a party or witness before trial — provisions of statute (Code Civ. Pro. §§ 870–886) now applicable to Surrogate's Court (Code Civ. Pro. § 2770).

1. Under section 2770 of the Code of Civil Procedure, the provisions for the examination of a party or witness before trial and for the use of a deposition taken under such circumstances, are now applicable to a special proceeding pending in Surrogate's Court, and where a surrogate declines to consider, in a proceeding for the probate of a will, an *ex parte* application by a contestant for the examination before trial of the proponent, upon the ground that the surrogate does not have power to grant such order, the applicant is entitled to a writ of mandamus to compel the surrogate to act on the application.

2. It is error, however, for the court, in granting the writ of mandamus directing the surrogate to act, to go further and direct him to

grant the particular order which was presented by the applicant. The surrogate might well have declined to grant the particular application made to him, and, therefore, it was erroneous to seek to compel him to grant that particular order.

*People ex rel. Lewis* v. *Fowler,* 189 App. Div. 335, affirmed.

(Argued April 12, 1920; decided June 1, 1920.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judical department, entered November 7, 1919, which reversed an order of Special Term granting a motion for a peremptory writ of mandamus to compel the defendant, a surrogate of New York county, to grant an order for examination before trial of a witness in proceedings for the probate of a will.

The facts, so far as material, are stated in the opinion.

*Edwin Hort* and *Otto Horwitz* for appellant. Sections 872 and 873 of the Code of Civil Procedure have been made applicable to proceedings in the Surrogate's Court by section 2770. (*Matter of Plumb,* 64 Hun, 317; 135 N. Y. 661; *Matter of Shannon,* 180 App. Div. 214.) Mandamus was the sole and proper remedy in this case. (*Matter of Kelsey* v. *Church,* 112 App. Div. 408; *Hayes* v. *Consolidated Gas Co.,* 143 N. Y. 641; *Matter of Runk,* 200 N. Y. 447.)

*George L. Ingraham* and *Anthony J. Barrett* for respondent. The Special Term of the Supreme Court has no jurisdiction to review the action of the surrogate in a probate proceeding, either by mandamus, certiorari or any other method of review. (*People ex rel. Doughty* v. *Judges,* 20 Wend. 656; *Matter of Ostrander,* 1 Den. 679; *People ex rel. Lindgren* v. *McGuire,* 151 App. Div. 413; *People ex rel. Woodward* v. *Rosendale,* 76 Hun, 103; *Matter of Howland,* 43 N. Y. 457; *Matter of McBride,* 72 Hun, 394; *People ex rel. Rosenquest* v. *Donnelly,* 168 App. Div. 500.) The surrogate was right in denying the motion on the ground that article 1 of title 3 of chapter 9 of the Code of Civil Procedure, providing for the exam-

ination of a party to an action before trial, does not apply to a special proceeding in the Surrogate's Court. (*Matter of Plumb*, 64 Hun, 317.)

HISCOCK, Ch. J. The relator appeared as contestant in proceedings for the probate of an alleged last will and testament of one Hodgman instituted in the Surrogate's Court of the county of New York. A jury trial was ordered for the hearing of said contest and before the latter came on an application was made by appellant to the respondent, one of the surrogates of said county, for an order for the examination before trial of the proponent. This application was denied upon the ground, as we shall assume from the opinion, that the surrogate did not have power to grant such an order. Thereafter on application to the Special Term, an order was granted for a writ of mandamus requiring the surrogate to grant the particular order which had been presented to him. This order was subsequently reversed by the Appellate Division upon the ground, taken by a majority of the justices, that the Code did not authorize the surrogate to grant an order for such examination, and through this action have arisen the questions, *first*, whether a surrogate is authorized to grant an order for the examination of a party or witness before hearing of a contest, and *second*, whether upon his refusal to entertain such an application mandamus may issue to require such action. We think both of these questions should be answered in the affirmative.

Sections 870–886 of the Code of Civil Procedure amply provide for the examination of a party or witness before trial and for the use to be made of a deposition taken under such circumstances. These provisions of themselves are concededly applicable only to actions and would not apply to a special proceeding pending in Surrogate's Court. Section 2770, however, has in our judgment made them applicable to a special proceeding in Surrogate's Court. It declares: " Except where a contrary intent is expressed in, or plainly

implied from the context of, a provision of this chapter, all other portions of this act, and the general rules of practice apply to Surrogates' Courts and to the proceedings therein, so far as they can be applied to the substance and subject matter of a proceeding without regard to its form." This enactment seems to be comprehensive and plain and we see no reason why it should not be applied to the present situation. With the provision for a jury trial in a contested proceeding for the probate of a will such proceeding has taken on the essential character and form of an ordinary jury action, and it is difficult to perceive why the provisions for the preliminary examination of a a party or witness cannot " be applied to the substance and subject matter of (such) a proceeding without regard to its form." With a contest governed by the form and procedure of a jury trial there seems to be just as much reason, under proper circumstances, for the preliminary examination of a witness as in the case of an ordinary action. The argument seems to us to miss the point which contends that the provisions of the Code to which we have referred relate to an action and, therefore, for fundamental reasons cannot be applied to a special proceeding. If this argument is sound we can see no reason for enacting section 2770. The very purpose of the section was, as seems to us to be clearly expressed, that the provisions of the Code primarily and otherwise applicable only to actions thenceforth should be extended to ·and govern special proceedings where such application was possible, having in view the " substance and subject matter " of such proceedings. Unless this was the purpose no object was gained by adopting the section.

Furthermore, we think that this question has already been largely decided. The present section 2770 is an evolution of former section 2538. The former section made articles first and second, title 3, chapter 9, applicable to proceedings in Surrogate's Court " so far as they could (can) be applied to the substance and subject matter of the

proceeding without regard to its form." It will be noted that the present section 2770 makes *all* other portions of the act and the General Rules of Practice apply to Surrogate's Court and to the proceedings therein " so far as they can be applied to the substance and subject matter of a proceeding without regard to its form." The latter part of the sentence employs precisely the same language that was used in section 2538. The outstanding difference between the present and the old section is that the former makes the provisions of the Code generally applicable to proceedings in Surrogate's Court whereas section 2538 only made certain articles of one chapter applicable. The present section is more comprehensive than the former one, but so far as the former one proceeded it presented no different question than the one now involved. Under this former section it was held that the provisions of the Code relating to depositions without the state for use in an action were made applicable to Surrogate's Court. (*Matter of Plumb*, 64 Hun, 317; affd., 135 N. Y. 661, on opinion below.)

We, therefore, think that the learned surrogate was in error in declining to consider the application.

In view of his refusal to consider it, no other relief was open to this relator than that of mandamus. The application for the order was properly made *ex parte*. No appeal would lie from the refusal to consider an *ex parte* application and the relator was not compelled to give up this method of application which was secured to him by the Code and pursue in its place an application on notice in order to procure an order which would be subject to appeal. Under these circumstances we think it is well established that mandamus was proper to compel the surrogate to act on the application, and if this were all that was involved it would be our duty to reverse the order now before us. (*Matter of Kelsey* v. *Church*, 112 App. Div. 408, 412; *Hayes* v. *Consolidated Gas Co. of N. Y.*, 143 N. Y. 641.) But the order granted by the Special

Term went further than to require the surrogate to act. It sought to control his judicial judgment and power of discretion by compelling him to grant the particular order which was presented. We think that the surrogate, even if he had acted, might well have declined to grant the particular application which was presented to him and that, therefore, it was erroneous to seek to compel him to grant that particular order. For this reason the action of the Appellate Division in reversing the order granting the writ was entirely justified and should be affirmed, without costs.

CHASE, HOGAN, CARDOZO, MCLAUGHLIN, CRANE and ELKUS, JJ., concur.

Order affirmed.