Matter of the Contested Probate of the Last Will and Testament of WILLIAM H. OAKLEY, Deceased.

(Surrogate's Court, Westchester County, September, 1920.)

Depositions — when order for examination before trial denied — Surrogates' Courts — wills.

> An order for the examination of the proponent before trial of the issues in a contested probate proceeding, denied in the exercise of judicial discretion.

PROCEEDINGS upon the probate of a will.

Newmark & Miller, for contestants.

SLATER, S. The contestants seek àn *ex parte* order for the examination before trial of the petitioner in the proceeding to probate the will of decedent, under sections 872 and 873 of the Code of Civil Procedure. The issues were joined by order dated September 7, 1920, and the matter is on the October calendar for trial by jury.

Under the express provision of section 873 of the Code of Civil Procedure the surrogate is empowered to grant such an order in the exercise of his discretion. *People ex rel. Lewis* v. *Fowler,* 229 N. Y. 84. The proposed order as submitted requires the examination of the proponent upon the following matters:

1. That the said instrument is not the last will and testament of the decedent.

2. That said will was not executed as required by law.

3. That decedent was of unsound mind.

4. That the execution of the will was obtained by undue influence.

There are certain differences between an examination of an adverse party after issues are joined, to obtain evidence for use at the trial, and an examination in order to frame a complaint. The true purpose of examination after issues are joined is to develop the truth.

The first and second issues herein may be proven or disproven by the witnesses to the will. The third issue may be proven or disproven by witnesses other than the proponent. Therefore, the examination after issues are joined and before trial can only avail as to the issue of undue influence. On the trial every opportunity is afforded to elicit all the facts in an

orderly way, and to develop the truth. I am of the opinion that any information that may be obtained before trial after joinder of issues, can just as well be obtained from the witness upon the trial of the proceeding before me and a jury, at the October term, to be heard within a few days. The ·petitioner is a party to the proceedings and before the court, and can be made to personally attend the trial.

Decreed accordingly.