In the Matter of the Application of ARTHUR BROOKLEY and Another, Appellants, for a Mandamus Order against GARRETT IVES, Justice of the Peace of the Town of Poestenkill, and Others, Respondents.

Third Department, March 12, 1935.

*W. Joseph Shanley*, for the appellants.

*Joseph E. Walsh*, for the respondents.

PER CURIAM. Appeal from an order denying a petition for mandamus. The petition alleged that without jurisdiction a justice of the peace had issued a warrant dispossessing appellants from real property on which they were tenants. The prayer asked that the mandamus order be directed to Garrett Ives, justice of the peace of the town of Poestenkill and to the Justice Court of that town, " commanding him and said court to vacate said warrant to dispossess dated November 2, 1934." It is stated, and not denied, that no verified petition praying for the removal of the appellants was filed with the justice as required by section 1415 of the Civil Practice Act, and that the proceeding " was started by the signing and issuing of a warrant to remove tenant for non-payment of rent, dated the 30th day of October, 1934, and returnable before Garrett Ives, the justice who signed said warrant, at his office in the Town of Poestenkill, on the 2nd day of November, 1934, at 2 P. M. The warrant dated October 30, 1934, and the warrant dated November 2, 1934, are the only papers in said summary proceedings. The said Justice of the Peace has no papers before him in said proceedings upon which to make a record or return, or otherwise act in said proceedings." No final order was made as required by section 1430 of the Civil Practice Act. " An appeal may be taken from a final order." (Civ. Prac. Act, § 1441.) An appeal may not be taken from the warrant. The warrant is a nullity, as it may be issued only after a final order has been made. (Civ. Prac. Act, § 1432.) " A public officer, or a person pretending to be such, who, unlawfully or maliciously, under pretense or color of official authority: * * *

" 3. Dispossesses another of any lands or tenements; * * *

" Commits oppression and is guilty of a misdemeanor." (Penal Law, § 854.) The improper use or issuance of process is actionable. (*Dean* v. *Kochendorfer*, 237 N. Y. 384.)

When a court acts without jurisdiction, a party aggrieved is entitled to direct and summary relief. (*Kamp* v. *Kamp*, 59 N. Y.

212.) When a judicial officer refuses to act, mandamus is the proper remedy. (*People ex rel. Lewis* v. *Fowler*, 229 N. Y. 84; *Matter of Cropsey* v. *Tiernan*, 172 App. Div. 435.) The appellants are not aggrieved because of the refusal of the justice to act, but because he has acted without jurisdiction and unlawfully. Appellants should have applied for an alternative order of prohibition under article 80 of the Civil Practice Act if summary relief was desired. Prohibition is a proper remedy after the process has been issued if its potentiality of harm still remains. (*People ex rel. Lemon* v. *Supreme Court*, 245 N. Y. 24.) This court is without jurisdiction to grant prohibition addressed to the Justice Court of the town of Poestenkill. (Civ. Prac. Act, §§ 1343, 1344.)

The order denying mandamus should be affirmed, without costs and without prejudice to an application to a proper Special Term for an order of prohibition, if appellants are so advised.

HILL, P. J., RHODES, McNAMEE, CRAPSER and BLISS, JJ., concur.

Order affirmed, without costs and without prejudice to an application to a proper Special Term for an order of prohibition, if appellants are so advised.