In the Matter of the Application of DOROTHY LEDYARD KNIGHT, Appellant, for an Order against LEONE D. HOWELL, Surrogate of Nassau County, Respondent.— Order denying petitioner's application for an order directing the surrogate of Nassau county to consider a motion for a new trial submitted on December

31, 1940, and prohibiting him from instructing the clerk of Nassau county not to receive said motion papers, reversed on the law, without costs, and the motion granted to the extent of requiring the surrogate to consider said motion and to grant or deny same. The surrogate was under a duty to grant or deny the motion for a new trial even though he deemed the motion to have been made in bad faith or for ulterior purposes. The petitioner was entitled to have the surrogate judicially act upon her application to the end that if she deemed herself aggrieved by said action she might have a review thereof. A refusal to act would preclude such a review. The surrogate can readily protect the public interest and the rights of those whom he deems are unjustly assailed by directing that the papers be sealed and thus preclude privilege being extended to the matter which he deems scurrilous or scandalous. Such a course makes it unnecessary to expunge the entire record or parts thereof, assuming that such action would be proper in a given instance. The power of the Special Term to require a surrogate or similar judicial officer, other than a Supreme Court justice, to act where such officer has refused to act is well settled. (Civ. Prac. Act, § 1287; *People ex rel. Lewis* v. *Fowler*, 229 N. Y. 84; *Matter of Brookley* v. *Ives*, 243 App. Div. 487; *Matter of Kelsey* v. *Church*, 112 id. 408.) The record herein is directed to be sealed. Lazansky, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.