—In two proceedings in the Surrogate’s Court, Kings County, one for instructions respecting the custody of certain property belonging to the decedent, and the other to discover property withheld, the orders appealed from grant respondents’ motions for summary judgment, adjudge that decedent at the time of his death owned all the outstanding stock of Jaefred Apartments, decree that respondent Julius Fishkind has title thereto, dismiss the claim of appellants thereto, and direct that the latter deliver certain stock certificates to respondent Julius Fishkind and Jack Stanley Parker, as administrator c. t. a. Orders reversed on the law, with one bill of $20 costs and disbursements to appellants, payable out of the estate, and the motions denied, without costs. The Surrogate correctly rejected appellants’ contention that the provisions of rule 113 of the Rules of Civil Practice could under no circumstances be applied to *1014 these proceedings. (Surrogate’s Ct. Act, §-316; Buies Civ. Prae., rule 3; see, also, People ex rel. Lewis v. Fowler, 229 N. Y. 84, 87.) Summary judgment should not have been granted, however, since triable issues of fact were presented. {Curry v. Mackenzie, 239 N. Y. 267.) Issues were raised not only as to whether the decedent intended to give the corporate stock to appellants and as to whether such stock was ever actually issued, but also as to whether the gift was completed, by symbolical delivery or otherwise. (See 99 A. L. R. 1077 and 152 A. L. R. 427, and the cases cited therein.) Lewis, P. J., Hagarty, Carswell, Adel and Nolan, JJ., concur. [See 272 App. Div. 785, 827, 915.]