Noah Goldstein, J.
The issue in this case is whether the City of New York is obligated to post overhead clearance signs for bridges on highways under its jurisdiction.
The stipulated facts in this nonjury case are as follows:
On November 20, 1970 at approximately 1:30 p.m. one of the plaintiff’s tractor trailers was driven by Christopher Montagna. An accident occurred on Remsen Avenue between Ditmas Avenue and Avenue D in Brooklyn, New York. Mr. Montagna was driving a tractor trailer at a speed of 20 miles per hour as he approached an overhead railroad structure belonging ¡to the defendant, Long Island Railroad. That halfway unc|er the elevated structure, the tractor trailer came to a full stop without the operator applying his brakes; it came to a full stop because the front top of the trailer had come into contact with the bottom of the girder of the Long Island Railroad overpass. The trailer was 4£ feet long, 8 feet wide, and 13 feet, 6 inches in height. Mr. Montagna had passed this location prior to the accident *752 and had driven tractor trailers in the same location once every two weeks. He had passed under the structure in question without incident on previous occasions.
That there was no sign stating the height of the railroad overpass.
The parties agreed that if the plaintiff prevailed the damage sustained to the tractor trailer was in the sum of $3,738.42.
Subdivision (d) of section 1640 of the Vehicle and Traffic Law, dealing with the matter, provides: ‘ ‘ Each such legislative body of a city or a village shall cause signs to be erected to inform persons of the legal overhead clearance for all bridges and structures on highways under its jurisdiction. The legal clearance shall be one foot less than the measured clearance. The measured clearance shall be the minimum height to the bridge or structure measured vertically from the traveled portion of the roadway. On bridges or ¡structures having fourteen feet or more of measured clearance, no such signs shall be required.”
City of New York argues that neither the common law nor subdivision (d) of section 1640 obligates it to post clearance signs on overhead structures. In support it cites Aetna Cas. & Sur. Co. v. City of New York (5 Misc 2d 110 [1956]) and New York Cent. R. R. Co. v. Pender (303 N. Y. 651 [1951]). It urges that section 1640 is directory only, not mandatory, and gives local legislative bodies power to act within specific limitations which they may or may not exercise. Although the City of New York is empowered to post such signs, it has not seen fit to exercise such power.
Plaintiff argues that it is not without significance that subdivisions (e) and (d) of section 1640 employ the mandatory “ shall ” while subdivisions (a) and (b) employ the permissive “may”; and that sections 1621 and 1660 of the Vehicle and Traffic Law, statutes in pari materia, also carry out the same plan and design. Subdivisions (a) and (d) of section 1621 (regulation of traffic by the State Department of Transportation) employ the permissive “ may ”, while subdivisions (b) arid (c) (dealing with bridges) which, except for reference to the State Department of Transportation rather than local legislative bodies, are identical to (c) and (d) of section 1640, also employ the mandatory “ shall”; and subdivisions (a) and (d) of section 1660 (regulation of traffic by towns) similarly employ “ may ”, while subdivisions (b) and (c) (dealing with bridges) employ “shall”. This, says plaintiff, shows a common plan or design making it mandatory for towns (§ 1660), State Department of Transportation (§ 1621), and cities (§ 1640) to post *753 capacity signs on bridges and overhead clearance ¡signs for bridges on highways under their jurisdiction.
The Aetna case (supra) decided that subdivision 18 of section 14 of the Vehicle and Traffic .Law of 1929 (predecessor of § 1640, subd. [d]), mandating that overhead clearance signs for bridges be posted, did not apply to bridges wholly within a city nor did failure to post such sign establish common-law negligence on the part of the city. The court concluded that subdivision 18 (as well as all the other subdivisions of section 14) was subject to the limitation of the opening sentence of section 14 excluding bridges wholly within a city, and therefore subdivision 18 of section 14 did not apply to bridges within the City of New York.
However, present section 1640 contains no such similar limiting language. Bridges within a city are not excluded from its coverage. In fact, section 1640 covers any city * * * with respect to highways * * * in such city ” and subdivision (d) mandates that city legislative bodies shall cause overhead clearance signs to be erected for all bridges on highways under their jurisdiction.
New York Cent. R. R. Co. v. Pender (303 N. Y. 651, supra) was an action by a railroad for a judgment declaring that, the Highway Superintendent of the Town of Alabama, Genesee County, and the County Superintendent of Highways of that county were under legal duty to post and maintain signs showing the total safe restrictive load limit of a bridge in the Town of Alabama. Subdivision (17) of section 14 of the Vehicle and Traffic Law of 1929 (then in effect) provided that, “ It shall be the duty of the superintendent of public works to cause signs to be erected * * * on all bridges * * * under his jurisdiction, stating the capacity * * * which the bridge * * * will safely carry. For all other bridges * * * it shall be the duty of the authority having jurisdiction to place similar signs.” The Court of Appeals construed the words, “ the authority having jurisdiction ” to mean public officers or bodies only. Railroad companies over whose tracks bridges carried public highways were not included.
Subdivision 18 of section 14 (as amd. by L. 1957, ch. 369, eff. July 1, 1957) imposed the duty on railroad corporations also to post legal overhead clearance signs on bridges under their jurisdiction. However, subdivision (d) of section 1640, successor to subdivision 18 of section 14, omits any such reference. Instead, “ each such legislative body of a city ” is obligated to cause overhead clearance signs to be posted for all bridges on highways under its jurisdiction.
*754 The bridge, in this case, is on a highway over which the City of New York has jurisdiction and therefore comes within subdivision (d) of section-1640.
The question still remains whether subdivision (d) of section 1640 is mandatory.
Although subdivision (d) of section 1640 is included in article 39 of the Vehicle and Traffic Law (regulation of traffic by cities) and section 1603 (delegation of powers) refers to “Any and all of the powers granted by this chapter [Vehicle and Traffic Law] to the legislative body of a city” and subdivision (a) of section 1642 of article 39 (additional traffic regulations in cities having a population in excess of one million) states, “ In addition to the other powers granted by this article, the legislative body of any city having a population in excess of one million, may by local law * * * regulate traffic on * * * any highway * * * in such city ’ ’, all of which delegate discretionary powers to legislative bodies of cities to regulate traffic in their communities, nevertheless, mandatory duties are also imposed on them.
Although paragraphs 1 to 15 of subdivision (a) and subdivision (b) of section 1640 confer discretionary powers on such legislative bodies, (c) and (d) (dealing with bridges) make it mandatory for them to post capacity and clearance signs. They may not escape this obligation. The State Legislature intended a different result when employing “may” in subdivisions (a) and (b) of section 1640 (regulating traffic on highways genérally) and “shall” in subdivisions (c) and (d) (regulating traffic on bridges and on highways under them).
This view is confirmed by section 1621 (regulating traffic on State highways by the Department of Transportation) that also . employs “ may ” in subdivisions (a) and (d) (regulating traffic on highways generally) and “shall” in subdivisions (b) and (c) (regulating traffic on bridges and on highways under bridges); and by section 1660 (regulating traffic by towns) that also employs “may” in subdivisions (a) and (d) (regulating traffic generally) and “ shall ” in subdivisions (b) and (c) (regulating traffic on bridges and on highways under bridges).
When found in a statute the word “shall” is not always imperative (Munro v. State of New York, 223 N. Y. 209, 214). However, in the absence of ameliorating or qualifying language or showing of another purpose, it is deemed mandatory (Matter of Mulligan v. Murphy, 19 A D 2d 218, 223). Generally, ‘ ‘ shall ” signifies command, not suggestion. The word is imperative. It is not intended to allow discretion (Matter of City of Rochester, *755 10 N. Y. S. 436, 437). In a statute the word “ shall ” is ordinarily mandatory and excludes the idea of discretion when addressed to a public official (Matter of O’Rourke, 9 Misc. 564).
There appears a common plan or design in regulating traffic on bridges and on highways under bridges to compel cities, villages, towns and the State Department of Transportation to post overhead clearance and capacity signs. Such information is in the public interest. The obligation to post such signs is addressed to public officials^ To construe “ shall” in subdivision (d) of section 1640 as permissive only, violates reason and the statutory intent. There is an absence of ameliorating or qualifying language or showing of another purpose to believe that subdivision (d) of section 1640 is permissive only. The State Legislature used “shall” and intended “shall”, not “ may ”.
The City of New York is obligated to post clearance signs. Having failed to do so, it violated subdivision (d) of section 1640.
Judgment for plaintiff in the sum of $3,738.42 against the City of New York; cross complaint of the defendant City of New York against the Long Island Railroad is dismissed.