■ BEN MCGINTY et al., Appellants, v LOUIS LAURINO, as Surrogate of the County of Queens, Respondent. — In a proceeding commenced in the Supreme Court, Queens County, pursuant to CPLR article 78 (1) to compel the respondent Surrogate of Queens County to sign a citation, submitted by the petitioners as executors of the estate of Pearl S. Sherburne, requiring the devisees of decedent's home to show cause, *inter alia*, why they should not be ordered to turn over possession of the home to the executors, (2) for the appointment of a Justice of the Supreme Court, Queens County, as acting Surrogate in connection with "all disputes that may arise in the future" relating to the estate, and (3) for an order directing the Surrogate's Court, Queens County, to accept for filing the voluntary accounting and the resignations of the petitioner executors, petitioners appeal from a judgment of the Supreme Court, Queens County (Graci, J.), dated July 16, 1982, which dismissed the proceeding. Judgment affirmed, without costs or disbursements. The reason stated by the respondent Surrogate in his decision dated February 24, 1982 for the nonacceptance of the proposed citation was that the relief requested therein and in the accompanying petition was not within the purview of SCPA 2103, and that "[a]ccordingly, the petition is not entertained". Since such refusal was in the context of an ex parte application (for the signing of the citation), no appeal could lie therefrom (see *Matter of Scotti*, 53 AD2d 282, 285; *Matter of Braloff*, 285 App Div 1177). Therefore, petitioners' resort to an article 78 proceeding to require respondent to sign the citation was jurisdictionally proper (see *People ex rel. Lewis v Fowler*, 229 NY 84; *Matter of Knight v Howell*, 262 App Div 759; 24 Carmody-Wait 2d, NY Prac, § 145:248). Respondent implicitly agrees that the Surrogate Court's subsequent denial on April 7, 1982 of the executors' motion for reargument and vacatur of its February 24, 1982 decision, which thus created an avenue of appellate review (see *Matter of Scotti, supra*, pp 285-286), did not render the article 78 proceeding moot (see *People ex rel. Lewis v Fowler, supra*, p 88). We accept such charting of the course. Since SCPA 2103 (subd 1), by its terms, limits the property subject to the "[p]roceeding by fiduciary to discover" to "money or other personal property", it does not include within its ambit the recovery of realty (see *Matter of Trevor*, 309 NY 389, 392; *Matter of Kilgallen*, 204 Misc 558, affd 285 App Div 1151; 27 Carmody-Wait 2d, NY Prac, § 158:66, p 208). Therefore, the Surrogate's refusal to sign the citation on the ground that it was "not within the purview of SCPA § 2103" was correct. This explanation necessarily alerted petitioners to the fact that if they desired the incidental relief requested in the citation (i.e., turnover of "each and every paper, record or document" in the decedent's home, and examination under oath of the devisees), they should submit a citation limited to such relief.

Apparently, they did not do so. Instead they resorted to the instant article 78 proceeding, wherein they claimed that the Surrogate's refusal to issue the citation for the requested relief was improper. For the reasons aforestated, we see no merit in this contention. The order to show cause in this article 78 proceeding further requested, *inter alia*, that the court appoint a Justice of the Supreme Court as acting Surrogate to determine all pending and future matters arising "in said Estate". The sole reason stated in appellants' brief for this relief was "because Surrogate Laurino failed to exercise his jurisdiction under 2103 SCPA". Since, as stated, the Surrogate's decisions to the effect that the requested citation should not issue were correct (because the relief requested was indeed "not within the purview of SCPA § 2103"), appellants' contention must fall. As to the claim that Special Term erred in refusing to direct the Surrogate's Court to accept the appellants' voluntary accounting and resignation, it is noted that on April 20, 1982 the Surrogate's Court ordered that the executors render a final accounting, and that this order has been affirmed (see *Matter of Sherburne*, 95 AD2d 859), so that this issue is moot. In any event, the papers submitted to the accounting department of the Surrogate's Court were returned by it to appellants' attorney with a four-page handwritten note which listed in detail the corrections that should be made. Further, it stated that the accounting was premature because seven months had not elapsed since issuance of letters, and that petitioners' proffer of resignation as executors required that "appropriate application under Art. 7 [§ 715] should be commenced". Appellants have stated no cogent reason for concluding that these instructions were incorrect. The fact that during the course of oral argument of a motion on April 1, 1982, the Surrogate stated that the executors "may resign" and that their counsel "may withdraw", did not mean that there was no need for them to comply with the statutory procedures therefor. Further, we note our agreement with Special Term that the clerk of the accounting department of the Surrogate's Court should have been made a party to this article 78 proceeding. Lazer, J. P., Thompson, Gulotta and Bracken, JJ., concur.