STATE DIVISION OF HUMAN RIGHTS on Complaint of ANGELA GIANNAVOLA, Respondent, v LE ROY CENTRAL SCHOOL DISTRICT, Petitioner.

Fourth Department, March 1, 1985

**APPEARANCES OF COUNSEL**

*Harris, Beach, Wilcox, Rubin & Levey* (*Richard Chapman* of counsel), for petitioner.

*Robert Albertorio* (*Christopher Knauth* of counsel), for respondent.

**OPINION OF THE COURT**

BOOMER, J.

Complainant, Angela Giannavola, applied to the Le Roy Central School District for employment as a substitute school bus driver. Her application was approved by the district subject to a preemployment physical examination. The medical examiner for the district conducted the physical examination and recommended that Giannavola be rejected because she had both adrenal glands surgically removed and it was necessary for her to take hormone medication daily. Giannavola filed a complaint

with the State Division of Human Rights alleging that the district had discriminated against her by denying her employment because of a disability (Executive Law § 296 [1] [a]). After a hearing, the Commissioner found that the district did discriminate against complainant by refusing to hire her because of a disability that did not prevent her from performing in a reasonable manner the duties of a school bus driver.

In this proceeding to annul the determination of the Commissioner, the district contends: (1) that the Commissioner's order, which requires the district to hire Giannavola, is arbitrary and capricious because it violates the regulation of the Commissioner of Education that precludes the employment as a school bus driver of anyone who has any "physical or mental condition which might impede the ability to operate a bus safely" (8 NYCRR 156.3 [c] [1] [v]); and (2) that the Commissioner's determination is not supported by substantial evidence because the district justifiably relied upon the opinion of its medical examiner that complainant was not physically qualified for the position.

We conclude that the determination of the Commissioner is not arbitrary and capricious and that it is supported by substantial evidence. The regulation of the Commissioner of Education must be read in harmony with the provision of the Human Rights Law prohibiting an employer from discrimination in employment because of a disability "which do[es] not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought" (Executive Law § 292 [21]). Moreover, insofar as that regulation may be construed as conflicting with the Human Rights Law, it is invalid (see, Ten Hoeve v Board of Educ., 97 AD2d 678). Were we to agree with the district's contention that it may refuse to hire an applicant for the position of school bus driver because of a physical condition that may possibly impede the driving of a bus safely, regardless of whether it does so in the individual case, we would invalidate the 1979 amendment to the Human Rights Law (Executive Law § 292 [21], as amended by L 1979, ch 594, § 1). Prior to 1979, the word "disability" was defined as a condition "unrelated to the ability to engage in the activities involved in the job or occupation". Applying that definition, the court, in Matter of State Div. of Human Rights v Averill Park Cent. School Dist. (59 AD2d 449, affd 46 NY2d 950), held that a hearing defect was a physical impairment related to the complainant's ability to drive a school bus and did not, therefore, qualify as a "disability" for the purposes of the Human Rights Law. As the result of that case, the Legislature changed the

definition of "disability" to its present meaning. Thus, the Legislature amended the statute to substitute "for the prior, general relatedness standard an individualized test" (*Matter of Westinghouse Elec. Corp. v State Div. of Human Rights,* 49 NY2d 234, 238). No longer would the Human Rights Law support discrimination in employment "simply because [the employee] suffers from a handicap that in theory might affect his ability to perform his job, even when in actuality it does not do so." (*State Div. of Human Rights [Ghee] v County of Monroe,* 48 NY2d 727, 731 [Fuchsberg, J., dissenting].) Here, the district could not ignore the 1979 amendment and refuse to hire the complainant simply because her handicap might in theory affect her ability to perform the job, even though it did not in fact do so.

The finding of the Commissioner that the complainant's disability does not prevent her from performing the duties of a school bus driver in a reasonable manner is supported by substantial evidence consisting of extensive medical testimony. The fact that the district relied upon the advice of its medical examiner does not insulate it from the operation of the Human Rights Law. "The existence of a subjective intent to discriminate is not a condition precedent to the exercise by the Division of its powers." (*State Div. of Human Rights v Kilian Mfg. Corp.,* 35 NY2d 201, 209.) The sole question here is whether the physical impairment that caused the district to refuse to hire the complainant was such that it impaired her ability to drive a school bus in a reasonable manner. It matters not that the district, in good faith, may have believed that complainant's disability impaired her ability to drive the school bus safely, for this issue was for the Commissioner to decide and, upon the evidence presented, he was justified in finding otherwise.

Accordingly, the determination should be confirmed and the petition dismissed.

CALLAHAN, J. P., GREEN, O'DONNELL and SCHNEPP, JJ., concur.

Determination unanimously confirmed and petition dismissed, without costs.