64 N.Y.2d 1036 (1985)
Abraham Ten Hoeve, Respondent
v.
Board of Education of Dundee Central School District et al., Appellants.
Court of Appeals of the State of New York.
Argued February 6, 1985.
Decided April 4, 1985.
Mae A. D'Agostino for Board of Education of Dundee Central School District, appellant.
Victor M. DeBonis and Robert D. Stone for Gordon M. Ambach, as Commissioner of Education of the State of New York, appellant.
Pauline R. Kinsella for respondent.
Robert J. Rader and Henry F. Sobota for New York State School Boards Association, amicus curiae.
Chief Judge WACHTLER and Judges JASEN, MEYER, SIMONS, KAYE and ALEXANDER concur.
*1037 MEMORANDUM.
The order of the Appellate Division is reversed, with costs, plaintiff's motion for summary judgment denied, and the matter *1038 remitted to Supreme Court, Albany County, to determine whether age is a bona fide occupational qualification for school bus drivers and plaintiff's entitlement to back pay and other benefits, if any, which may have resulted from his involuntary retirement at age 65.
Plaintiff is a former school bus driver who was compelled to retire by defendant Board of Education of Dundee Central School District when he reached 65 years of age. Retirement was mandated by rule 156.3 [b] (8 NYCRR) which provides that school bus drivers must be at least 21 but not more than 65 years of age. The rule was promulgated by defendant Commissioner pursuant to the authority of Education Law § 3624 which authorizes him to "determine and define" the qualifications of school bus drivers. Supreme Court held the regulation unconstitutional and ordered plaintiff reinstated. The Appellate Division held the regulation constitutional, citing Vance v Bradley (440 US 93), but ruled that it conflicted with Retirement and Social Security Law § 501 (15) which, as then written, established 70 as the mandatory retirement age. Accordingly, it modified Supreme Court's order to grant plaintiff partial summary judgment declaring that in the absence of an offer of alternative employment the regulation violated plaintiff's statutory rights.
During the pendency of this appeal, the Laws of 1984 (ch 296) became law. It amended the Retirement and Social Security Law and Executive Law § 296 (3-a) to permit termination of employment because of age if age is a bona fide occupational qualification "reasonably necessary" to the performance of the employee's duties (see, Retirement and Social Security Law § 530 [c]; Executive Law § 296 [3-a] [d]). The amendments apply to this litigation (Post v 120 E. End Ave. Corp., 62 N.Y.2d 19, 29; Mayer v City Rent Agency, 46 N.Y.2d 139, 149) and require remittitur for a determination of whether age is a bona fide occupational qualification for school bus drivers and plaintiff's entitlement to back pay and other benefits, if any, which may have resulted from his involuntary retirement at age 65.
Order reversed, with costs, plaintiff's motion for summary judgment denied, and case remitted to Supreme Court, Albany County, for further proceedings in accordance with the memorandum herein.