■ In the Matter of BAYPORT-BLUE POINT SCHOOL DISTRICT et al., Petitioners, v STATE DIVISION OF HUMAN RIGHTS, Respondent. (And a Third-Party Proceeding.)—Proceeding pursuant to Executive Law § 298 to review an order of the Commissioner of the New York State Division of Human Rights, dated August 1, 1985, which, *inter alia,* (1) ordered the petitioners to reinstate the complainant to her former position as a bus driver, (2) awarded the complainant Laura Lynch back pay with interest for the period December 1, 1981 to May 1, 1982, and (3) awarded the complainant damages for mental anguish in the total sum of $5,000.

Adjudged that the order is modified, on the law, by adding a provision reducing the complainant's award of back pay by the amount of disability payments made to her for the period from December 1, 1981 until January 13, 1982; as so modified, the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements, and the matter is remitted to the respondent for a recomputation of back pay.

The complainant commenced employment with the petitioner Fogerty & Son Bus Company, Inc. in September 1981 as a bus driver for the petitioner Bayport-Blue Point School District. She was subsequently diagnosed as having multiple sclerosis. Upon seeking return to work, the school district's physician, Dr. Lebow, found her not to be medically qualified to drive a school bus. On November 19, 1982, the complainant brought complaints against each petitioner with the New York State Division of Human Rights (hereinafter the division) charging them with discriminating against her by terminating her employment because of her disability in violation of the Human Rights Law.

At the hearing, the complainant's treating physician, Dr. Rosen, an expert in neurology and in the treatment of multiple sclerosis, testified that the complainant was fully capable of driving a school bus, since the symptoms of the disease come on gradually within a week or two and the weakness she experienced in her right side would never come on abruptly. Since being diagnosed, she had had two flareups of the disease which responded quickly to medication and she exhibited no residual effects from these attacks. The petitioner school district rested on the testimony of Dr. Lebow, who admittedly, in almost 40 years of practice, had never had contact with a

patient suffering from multiple sclerosis. He stated that he based his decision finding the complainant medically unfit solely on the diagnosis of Dr. Rosen.

Based upon the record before us, we conclude that the determination that the complainant was unlawfully discriminated against is supported by substantial evidence *(see, e.g., 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176), since the disease did not prevent the complainant from performing her job activities in a reasonable manner *(see, Matter of Miller v Ravitch,* 60 NY2d 527; Executive Law § 292 [21]; *State Div. of Human Rights v Le Roy Cent. School Dist.,* 107 AD2d 153, *lv denied* 65 NY2d 610). In addition, we cannot agree with the petitioner school district's assertion that it is shielded from liability since it relied upon the advice of its physician.

Subjective intent to discriminate is not a condition precedent to the exercise by the division of its powers *(see, State Div. of Human Rights v Kilian Mfg. Corp.,* 35 NY2d 201, 209, *appeal dismissed* 420 US 915; *State Div. of Human Rights v Le Roy Cent. School Dist., supra,* at 155). While reliance upon a doctor's opinion may at times be appropriate, this is only true where the doctor has an informed medical opinion as to the physical ability of the applicant to perform the work *(see, Matter of Gamble v State Human Rights Appeal Bd.,* 71 AD2d 165, 169, *lv denied* 50 NY2d 801).

Moreover, the petitioner Fogerty's claim that it could not be found to have discriminated, since pursuant to Education Law § 3624 it was required to defer to the school district's determination, is without merit. Pursuant to Education Law § 3624 a bus driver must be examined only once during the year. The record reveals that the complainant had been examined within the year and the additional physical examination which Fogerty directed the complainant to submit to was not required. Thus, Fogerty was not complying with the mandates of the Education Law. We note that even if it believed it was complying with the law in good faith, the result would not be different since a subjective intent to discriminate need not be shown *(see, State Div. of Human Rights v Kilian Mfg. Corp., supra).*

Turning to the damages award, we conclude that the complainant's testimony was sufficient to support the award for mental anguish *(see, Cullen v Nassau County Civ. Serv. Commn.,* 53 NY2d 492; *Catalina Beach Club v State Div. of Human Rights,* 95 AD2d 766, 767). We conclude, however,

that the award for back pay was improperly calculated, and should be decreased by the amount received in disability payments by the complainant for the period from December 1, 1981 to January 13, 1982. Mollen, P. J., Brown, Rubin and Kunzeman, JJ., concur.