In the Matter of CENTRAL NEW YORK CENTRO, INC., et al., Petitioners, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.

Supreme Court, Onondaga County, March 2, 1989

### APPEARANCES OF COUNSEL

*Mackenzie, Smith, Lewis, Michell & Hughes (Kenneth E. Ackerman* of counsel), for petitioners. *Margarita Rosa* and *Albert J. Kostelny, Jr.,* for New York State Division of Human Rights and others, respondents.

### OPINION OF THE COURT

THOMAS J. LOWERY, J.

In this CPLR article 78 proceeding, petitioner Central New York Regional Transportation Authority (Authority) and the petitioner Central New York Centro, Inc. (Centro) seek judgment prohibiting respondent New York State Division of Human Rights (Division)[1] from holding a hearing or taking any further action with respect to a complaint filed by Larry E. Goodin (Goodin) on the ground that the Division lacks jurisdiction over the matter. The Authority and Centro also seek to compel the Division to determine a prehearing motion to dismiss made in the underlying proceeding.[2]

The Authority is a public transportation authority. Centro, a wholly owned subsidiary corporation of the Authority, was Goodin's employer prior to the commencement of the underlying proceeding. On July 26, 1984, Goodin filed a complaint with the Division wherein he charged Centro with an unlawful discriminatory employment practice, i.e., that he was

---

1. The proceeding against the Attorney-General has been discontinued by stipulation.

2. Section 298 of the Executive Law (L 1988, ch 505, § 1) proscribes review of a nonfinal order of the Division, i.e., Division's determination of jurisdiction, probable cause and hearing recommendation. Under the circumstances, the petitioners' only recourse is to seek relief in the nature of mandamus and/or prohibition in a CPLR article 78 proceeding.

terminated from employment because of race, color, and disability. On July 27, 1984, Centro was notified that Goodin's complaint had been filed with the Division. On September 5, 1984, Centro denied the charge. It alleged that Goodin's employment was terminated as a result of a physical examination conducted by its Medical Examiner wherein it was determined that because of his weight (400 pounds) he was not physically qualified under article 19-A of the Vehicle and Traffic Law to perform his duties as a bus driver. On May 22, 1985, the Division notified Centro that it had investigated the matter and that it had determined that it had jurisdiction and that there was probable cause to believe the allegations of discrimination as charged in the complaint. On April 26, 1988, the Authority and Centro served a motion to dismiss the underlying proceeding on the ground that the Division lacked jurisdiction. On May 2, 1988, the Division notified the Authority and Centro that the motion would not be entertained prior to a hearing which was to be scheduled in the matter. Due to the commencement of this article 78 proceeding, the hearing has not taken place.

Mandamus to compel the Division to determine the petitioners' motion to dismiss prior to a substantive hearing is not an appropriate remedy under the circumstances presented here. It is well settled that such a remedy is only available where there exists a duty which is ministerial in nature and not one which calls for the exercise of judgment or discretion. *(Matter of Posner v Levitt,* 37 AD2d 331; *Matter of Knight v Howell,* 262 App Div 759; *see also,* 8 Weinstein-Korn-Miller, NY Civ Prac ¶ 7801.04.) The petitioners have failed to demonstrate the existence of such a duty. It is noted that neither section 297 of the Executive Law nor the Rules of Practice of the Division *(see,* 9 NYCRR 465.1 *et seq.)* provide for prehearing motion practice.

The next issue to be determined is whether prohibition lies so as to preclude the Division from holding a hearing or taking any further action. "Prohibition is an extraordinary remedy, available at best only as a matter of judicial discretion and not as a matter of right." (Siegel, NY Prac § 559; *see also, Matter of Dondi v Jones,* 40 NY2d 8; *Matter of Di Lorenzo v Murtagh,* 36 NY2d 306.) It is available only where there is a clear legal right and only when the body or officer "acts or threatens to act without jurisdiction in a matter over which it has no power over the subject matter or where it exceeds its authorized powers in a proceeding over which it

has jurisdiction". *(Matter of State of New York v King,* 36 NY2d 59, 62; *see also, Matter of Elstein v New York State Div. of Human Rights,* Sup Ct, Onondaga County, Feb. 14, 1989, Stone, J.)* In exercising its discretion, various factors must be considered, such as the gravity of the harm caused by the excess of power, the availability of an adequate remedy on appeal and the remedial effectiveness of prohibition if such an adequate remedy does not exist. *(Matter of Dondi v Jones,* 40 NY2d 8, *supra.)* With respect to the Authority, the relief must be granted. The discrimination alleged in Goodin's complaint relates to employment practices. Since the Authority was not Goodin's employer, the Division lacks statutory jurisdiction to proceed against it. *(See,* Executive Law § 296 [1], [2].)

█ The remedy of prohibition, however, is not available to Centro. Its argument that the Division lacked jurisdiction as a result of its failure to comply with the notice of claim provisions of section 1342 of the Public Authorities Law is unavailing.[3] The statute is explicit with regard to its application. First, the statute only applies to an "action" and not to a "proceeding" such as the one instituted by the Division in the present case. Second, subdivision (6) of section 1342 excludes Centro, a subsidiary corporation, from the requirement that a notice of claim be filed against it as a precondition to the commencement of an action. Lastly, the notice of claim provisions have no application where the object of an action or proceeding is to vindicate a public interest *(Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd.,* 35 NY2d 371, *rearg denied* 36 NY2d 807), which is the case here. Centro's reliance on *Mills v County of Monroe* (59 NY2d 307) is misplaced. There, redress was sought by the commencement of an *action* in State Supreme Court, rather than through a *proceeding* instituted by the Division under article 15 of the Executive Law (Human Rights Law, hereinafter HRL). Aside from this distinction, suits brought against a county are subject to the notice of claim provisions set forth in section 50-e of the General Municipal Law (County Law § 52), whereas Centro is not subject to any notice of claim requirements. (Public Authorities Law § 1342 [6].) Additionally, Centro contends that article 19-A of the Vehicle and Traffic Law "supersedes" and "preempts" the HRL and, thus, ousts the Division

---

**3.** The petitioners' jurisdictional arguments are set forth in the memorandum of law submitted in support of the motion to dismiss.

of jurisdiction.[4] The court disagrees. Article 19-A of the Vehicle and Traffic Law was enacted for the purpose of furthering highway safety by the creation of standards for qualifying bus drivers. Specifically, section 509-g of the Vehicle and Traffic Law provides for a biennial medical examination pursuant to regulations established by the Commissioner of Motor Vehicles. The regulations set forth the criteria used in determining whether a person is qualified to drive a bus. *(See,* 15 NYCRR 6.11, 6.12.) The Commissioner's regulations relating to the physical qualifications of bus drivers are not in conflict with the provisions of the HRL prohibiting an employer from discrimination in employment because of a disability which does not prevent the complainant from performing in a reasonable manner the activities involved in the job or occupation sought. *(See,* Executive Law § 292 [21].) Obviously, a physical impairment sufficient to disqualify a person from operating a bus under the Commissioner's regulations should also be sufficient to support a finding that there exists no disability under the HRL. Moreover, even if the Commissioner's regulations were in conflict with the HRL, it is the latter that would control. *(State Div. of Human Rights v Le Roy Cent. School Dist.,* 107 AD2d 153; *Ten Hoeve v Board of Educ.,* 97 AD2d 678, *revd on other grounds* 64 NY2d 1036.) Thus, the court finds that the Division has jurisdiction over Centro in this matter based on disability.

Parenthetically, the court notes that Goodin's complaint is not limited to unlawful discrimination based on disability alone, but includes unlawful discrimination based on color or race, as well. With respect to the latter, it cannot be argued that the Division does not have jurisdiction. In any event, Centro is not without a remedy. A jurisdictional issue, once

---

4. Centro relies on *Brooklyn Union Gas Co. v New York State Human Rights Appeal Bd.* (41 NY2d 84), contending that article 19-A of the Vehicle and Traffic Law imposes a greater obligation on it than does article 15 of the Executive Law. Hence, it contends that article 19-A is controlling under the circumstances presented here. The decision in *Brooklyn* should not be read to countenance the ranking of statutes, but rather as a case wherein the court "was merely applying general rules of statutory construction." *(National Org. for Women v Metropolitan Life Ins. Co.,* 131 AD2d 356, 360.) In any event, section 509-g of the Vehicle and Traffic Law merely commands that the carrier conduct biennial medical examinations of their drivers. It is the Commissioner's regulations that prescribe the criteria for such an examination and proscribe the operation of a bus by anyone not physically qualified. Thus, it is the regulation that must read in harmony with the HRL and, if they are in conflict, it is the statute that would prevail. *(State Div. of Human Rights v Le Roy Cent. School Dist.,* 107 AD2d 153.)

raised at the hearing, is preserved for review in a proceeding that may be brought under section 298 of the Executive Law.

Accordingly, the petition is granted to the extent that the Division is prohibited from proceeding against the Authority, otherwise the petition is dismissed.